[Cite as *State v. Newell*, 2017-Ohio-4143.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-160453 |
| | | C-160454 |
| Plaintiff-Appellant, | : | C-160455 |
| | | C-160456 |
| vs. | : | TRIAL NOS. C-15TRC-5524 A-D |
| PAMELA NEWELL, | : | |
| | | *O P I N I O N.* |
| Defendant-Appellee. | : | |

Criminal Appeals From:  Hamilton County Municipal Court

Judgments Appealed From Are:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 7, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*D. Joseph Auciello, Jr.*, for Defendant-Appellee.

**DETERS, Judge.**

{¶1}    Plaintiff-appellant state of Ohio appeals pursuant to R.C. 2945.67 and Crim.R. 12(K) the judgment of the Hamilton County Municipal Court granting defendant-appellee Pamela Newell's motion to suppress evidence in these four consolidated appeals. Because Newell failed to sustain her initial burden of proof to demonstrate that her stop and seizure were warrantless and that her statements were the result of custodial interrogation, the trial court erred as a matter of law in granting her motion to suppress.

### *Factual and Procedural Posture*

{¶2}    Newell was arrested on December 10, 2015, and charged in the cases numbered C-15TRC-55244 A-D with one count of operating a vehicle while intoxicated ("OVI") in violation of R.C. 4511.19(A)(1)(a), one count of refusal of a chemical test in violation of R.C. 4511.19(A)(2)(b), one count of driving under OVI suspension in violation of R.C. 4510.14, and one count of failing to yield the right of way when making a left-hand turn in violation of R.C. 4511.42.

{¶3}    On March 7, 2016, Newell filed a motion to suppress any statements she made to the police and any evidence the state may seek to introduce at trial from her warrantless search and seizure. The first hearing on the motion was continued, over Newell's objection, because the arresting officer was unavailable to testify. At the next hearing, on May 5, 2016, the arresting officer was again unavailable to testify, and the state requested a continuance.

{¶4}    The trial court denied the state's request for a continuance and stated that it was inclined to move forward with the motion to suppress. Defense counsel then moved to suppress the evidence in accordance with the motion that previously had been filed. The assistant prosecuting attorney objected, arguing that under *Xenia v. Wallace*, 37 Ohio

2

St.3d 216, 524 N.E.2d 889 (1988), Newell had the burden of initially going forward with some evidence beyond the motion to suppress before the trial court could grant the motion.

{¶5} Defense counsel responded, "I'm not sure how the burden would shift to me. What evidence, I guess, would I put on to show that I would ask to be dismissed? There's not a police officer here to ask any questions of. So there's not a witness. My client has a Fifth Amendment right. She can exercise that right. So I think the remedy is to set the matter for a trial setting."

{¶6} Following a brief recess, the trial court stated,

I did find what I was looking for by way of an answer. So I'll do this the best way I recall. The defendant previously — the defense has already filed a motion alleging that the state did not properly follow procedures in the arrest and charging of the defendant. By that motion, and the particularity of that motion, it hasn't been challenged. That then puts the burden on the state to show in fact they did follow the proper procedures in doing that. At the very least produce a witness who can justify or who can refute the propriety of those allegations. That witness is not here. Has not been here. There's no evidence for the defense to call. [sic] So that reverts back to the motion and raising of those issues. With the failure of that burden, the court has no option but to grant the motion to suppress.

{¶7} The trial court journalized an entry granting Newell's motion to suppress evidence in all four cases. The state now appeals, arguing that the trial court erred in granting Newell's motion to suppress because she failed to sustain her burden of production on the motion.

3

{¶8}    Before addressing the merits of the state's argument, we note that the record transmitted with these consolidated appeals did not contain Newell's motion to suppress.  Following oral argument, the parties filed a stipulation pursuant to App.R. 9(E), supplementing the record in the consolidated appeals with a copy of Newell's motion to suppress that had been file stamped by the clerk of the trial court on March 7, 2016.

{¶9}    App.R. 9(E) permits the parties to correct the record to reflect what actually happened in the trial court.  It provides, in pertinent part:

> If anything material to either party is omitted from the record by error or accident or is misstated, the parties by stipulation, * * * either before or after the record is transmitted to the court of appeals * * * may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified, filed, and transmitted.

{¶10}   Because the transcript of the May 5, 2016 proceedings filed by the state of Ohio reflects that the trial court had Newell's written motion to suppress, but that the motion was inadvertently not docketed, we can review the motion as a part of the record on appeal by way of the parties' stipulation.  *See State v. Morris*, 2d Dist. Montgomery Nos. 26949 and 26960, 2016-Ohio-7417, ¶ 5.  We, therefore, treat the motion to suppress as a part of the record on appeal.

{¶11}   In its sole assignment of error, the state argues that the trial court erred in granting Newell's motion to suppress.

{¶12}   In her motion to suppress, Newell argued that the trial court should suppress any evidence collected after what she alleges was an unconstitutional-

warrantless search and seizure as well as any oral statements that were taken in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct.1602, 16 L.Ed.2d 694 (1966).

{¶13}   It is well settled that "the burden of initially establishing whether a search or seizure was authorized by warrant is upon the party challenging the legality of the search or seizure." *See Xenia v. Wallace*, 37 Ohio St.3d 216, 218, 524 N.E.2d 889 (1998); *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), fn. 1. In *Xenia*, the Ohio Supreme Court held that

> to suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge. Once a defendant has demonstrated a warrantless search or seizure and adequately clarified that the ground upon which he challenges its legality is lack of probable cause, the prosecutor bears the burden of proof, including the burden of going forward with evidence, on the issue of whether probable cause existed for the search or seizure.

*Xenia* at 219.

{¶14}   In *State v. Jewell*, 1st Dist. Hamilton No. C-800580, 1981 WL 9894, *1 (July 8, 1981), this court rejected the defendant's argument "that upon the filing of his motion to suppress, the burden of proof immediately shifted to the state to show a valid warrantless search and seizure."  We recognized that under *Xenia*, the defendant, as the party seeking to suppress evidence, "must first establish by

sufficient proof that the search complained of was warrantless and that his own Fourth Amendment rights had been violated." *Id.*

{¶15}   In *Jewell*, we stated that the defendant could have called the police officer

> to the stand and elicited testimony that the search was without a warrant and the weapon was discovered on the appellant.  The burden would have then shifted to the state to go forward with evidence that the search came within the so-called stop and frisk exception as pronounced by *Terry v. Ohio*, 392 U.S. 1, [88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)].  Since [the defendant] did not call [the officer] to the stand at the time of the motion but went forward with his entire presentation, he cannot now complain of the trial court's ruling.

*Jewell* at *1.

{¶16}   Similarly, in *Cincinnati v. Moore*, 1st Dist. Hamilton Nos. C-880689, C-880690 and C-880691, 1989 WL 136387, *1 (Nov. 15, 1989), this court held that the trial court had properly denied the defendant's motion to suppress where the defendant had failed to produce evidence demonstrating the police had made a warrantless seizure.

{¶17}   Likewise, where a defendant "seeks suppression of his statements based upon a failure to receive his *Miranda* warnings, the defendant must demonstrate that he was entitled to receive them, i.e. that he was subjected to a 'custodial interrogation.' " *See United States v. Lawrence*, 892 F.2d 80 (table), 1989 WL 153161, *5 (6th Cir.1989); *see also United States v. Peck*, 17 F.Supp.3d 1345, 1353-1355 (N.D. Ga.2014).  Once the defendant has demonstrated that he was

6

subjected to a custodial interrogation, the burden then shifts to the state to show that the statements were not illegally obtained. *Id.*

{¶18}   Here, Newell failed to present any evidence demonstrating that the police had made a warrantless seizure.   Likewise, Newell failed to present any evidence that she was in custody at the time she allegedly made the statements, which would have afforded her the right to *Miranda* warnings.   Because Newell failed to discharge her initial burden of production to show that her seizure was warrantless or that her statements were the result of a custodial interrogation, the burden of proof never shifted to the state to demonstrate the validity of the search or seizure and that the statements were not obtained in violation of her *Miranda* rights. Thus, the trial court erred in granting Newell's motion to suppress on the basis that the state had failed to meet its burden.

{¶19}   To the extent that Newell had argued before the trial court that absent the officer's attendance at the hearing, she could not satisfy her burden to come forward with evidence without violating her Fifth Amendment right against incrimination, we disagree.  In *Simmons v. United States*, 390 U.S. 377, 394, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), the United States Supreme Court held that "when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection."

{¶20}   In *State v. Campbell*, 69 Ohio St.3d 38, 44, 630 N.E.2d 339 (1994), the Ohio Supreme Court rejected the defendant's argument that the trial court, by overruling his objection to the prosecutor's question on cross-examination, forced him to withdraw his motion to suppress for fear of incriminating himself at the

suppression hearing. The Supreme Court expressly stated that Campbell, by "answering the prosecutor's question could not have incriminated [himself], because 'when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt * * *.' " *Id.* quoting *Simmons* at 394; s*ee State v. Smith*, 783 F.2d 648, 650 (6th Cir.1986) (holding that the defendant could have testified at the suppression hearing in support of his claim without fear of incriminating himself at trial).

{¶21} Therefore, the state's assignment of error is sustained, the trial court's judgments are reversed, and this cause is remanded to the trial court for further proceedings consistent with the law and this court's opinion.

Judgments reversed and cause remanded.

ZAYAS, P.J., and MILLER, J., concur.

Please note:
The court has recorded its own entry this date.