[Cite as *State v. Watts*, 2024-Ohio-635.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230299 |
| | | TRIAL NO. C-23TRD-5083 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| RHONDA WATTS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: February 21, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1}   Defendant-appellant Rhonda Watts appeals her conviction for driving under an OVI suspension. Because we determine that the trial court erred in denying Watts's motion to suppress on the ground that Watts failed to meet her initial burden to demonstrate that the state conducted a warrantless seizure, we reverse.

## Background

{¶2}   A Springfield Township police officer initiated a traffic stop of a vehicle, and as a result of that stop, the officer cited Watts for driving under an OVI suspension in violation of R.C. 4510.14. Watts challenged the charge by filing a motion to suppress. Watts argued that the officer lacked reasonable suspicion or probable cause to initiate the traffic stop, because Watts had been driving a vehicle registered to her daughter, and the officer did not cite Watts with any other violations that day, except the underlying driving under an OVI suspension. The trial court held a hearing on Watts's motion to suppress. At the hearing, the officer who had cited Watts testified, but he could not provide any reason for the traffic stop. When asked whether he stopped the vehicle in question that day, the officer testified, "I believe so." When asked if he recalled initiating a traffic stop of Watts's vehicle, he responded, "Vaguely."

{¶3}   At the conclusion of the hearing, Watts's counsel argued that the officer had no reasonable suspicion to initiate the traffic stop based on the officer's inability to recall the reason for the stop. The state argued that Watts had the initial burden to prove that the officer conducted a warrantless seizure, and that Watts had failed to meet that burden. The trial court overruled Watts's motion to suppress. The matter proceeded to a bench trial where the trial court found Watts guilty and sentenced her

to six days in the Community Alternative Sentencing Center, a $250 fine, court costs, and a one-year driving suspension. Watts appeals.

## Defendant's Initial Burden on a Motion to Suppress

{¶4}   In her first assignment of error, Watts argues that the trial court erred in overruling her motion to suppress.

{¶5}   When a defendant files a motion to suppress under Crim.R. 47 on the ground that the defendant's Fourth Amendment rights have been violated by an unreasonable search or seizure, the defendant has the initial burden to demonstrate that the state lacked a warrant, and to state the grounds upon which the defendant challenges the warrantless search or seizure. *Xenia v. Wallace*, 37 Ohio St.3d 216, 218, 524 N.E.2d 889 (1998). Once the defendant satisfies the initial burden under Crim.R. 47, the burden then shifts to the state to prove that it had justification to conduct the warrantless search or seizure. *Id.* The defendant satisfies the initial burden under *Xenia* where the defendant's motion to suppress states the "legal and factual bases with sufficient particularity to place the prosecutor and court on notice of the issues to be decided." *State v. Shindler*, 70 Ohio St.3d 54, 58, 636 N.E.2d 319 (1994). "*Shindler* does not require that a defendant set forth the basis for suppression in excruciating detail. Instead, the question is whether the language used provides sufficient notice to the state." *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, 10 N.E.3d 691, ¶ 13. Whether a motion to suppress satisfies the minimum standards under Crim.R. 47 is a legal question. *Id.* at ¶ 8.

{¶6}   In this case, the trial court overruled Watts's motion to suppress, reasoning that Watts had failed to meet her initial burden under *Xenia*. In doing so, the trial court relied on *State v. Newell*, 1st Dist. Hamilton Nos. C-160453, C-160454,

3

C-160455 and C-160456, 2017-Ohio-4143, ¶ 13.  In *Newell*, the defendant was charged with various traffic-related offenses, including OVI.  The defendant filed a motion to suppress, arguing that any statements she made were the product of an unconstitutional, warrantless search and seizure.  The arresting officer failed to appear for the motion-to-suppress hearing, and the trial granted the defendant's motion to suppress.  The state appealed.  The *Newell* court reversed the trial court's decision granting the motion to suppress, and held that the defendant failed to discharge her initial burden under Crim.R. 47 to show that her seizure was warrantless, or that her statements were the result of a custodial interrogation.

{¶7}   This case is distinguishable from *Newell*.  Here, Watts filed a detailed motion to suppress challenging the officer's basis for the initial traffic stop.  In her motion, Watts argued that the officer lacked reasonable suspicion or probable cause to initiate the traffic stop, because she had been driving a vehicle registered to her daughter, and the officer did not cite Watts with any other violations, except driving under an OVI suspension.  Unlike *Newell*, where no evidence was presented to support the motion to suppress, here the officer testified at the motion-to-suppress hearing. The officer could not provide any reason for conducting the traffic stop involving Watts.  Based on the officer's vague recollection of events and inability to remember any reason for initiating the traffic stop, we determine that Watts sufficiently satisfied her initial burden under *Xenia* to demonstrate that she was the subject of a warrantless seizure.

### No Evidence to Support Warrantless Seizure

{¶8}   Because Watts satisfied her initial burden under Crim.R. 47 to show that the officer conducted a warrantless seizure when he initiated the traffic stop of the

vehicle, and Watts's motion to suppress sufficiently placed the state on notice of her Fourth Amendment challenge, the burden then shifted to the state to show that the warrantless seizure was justified. *See Xenia*, 37 Ohio St.3d at 220, 524 N.E.2d 889. A police officer can initiate a traffic stop of a vehicle when: (1) the officer has reasonable, articulable suspicion that a motorist has committed a crime, and the officer initiates an investigatory stop of the vehicle, i.e., a *Terry* stop, or (2) the officer has a reasonable belief that a motorist has committed a crime, i.e., probable cause. *State v. Oliver*, 2023-Ohio-1550, 214 N.E.3d 624, ¶ 45 (10th Dist.). The state did not provide any evidence to show that the officer had reasonable suspicion or probable cause to initiate the traffic stop of the vehicle driven by Watts. The officer could not recall initiating the traffic stop, and the officer did not cite Watts with any other violations, except driving under an OVI suspension. Therefore, the state failed to meet its burden under *Xenia* to prove that it did not violate Watts's Fourth Amendment rights.

{¶9} We hold that the trial court erred in denying Watts's motion to suppress, and we sustain her first assignment of error.

### Sufficiency and Manifest Weight

{¶10} In her second assignment of error, Watts argues that her conviction was based on insufficient evidence and was contrary to the manifest weight of the evidence. Based on our resolution of Watts's first assignment of error, this assignment of error is moot, and we decline to address it.

### Conclusion

{¶11} Having sustained Watts's first assignment of error, we reverse the trial court's judgment. We remand the matter to the trial court with instructions to grant

the motion to suppress, and for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**BOCK, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.