THE STATE OF OHIO, APPELLEE, *v.* CODELUPPI, APPELLANT.

[Cite as *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574.]

*Criminal procedure—Motion to suppress—Particularity of grounds for suppression of field sobriety tests—Crim.R. 47.*

(No. 2013-0186—Submitted November 20, 2013—Decided April 17, 2014.)

APPEAL from the Court of Appeals for Lorain County, No. 11CA010133, 2012-Ohio-5812.

_____

SYLLABUS OF THE COURT

A highly detailed pleading of the facts and law is not required to satisfy the notice requirements of *State v. Shindler*, 70 Ohio St.3d 54, 636 N.E.2d 319 (1994), and to trigger the right to a hearing on a motion to suppress.

_____

LANZINGER, J.

{¶ 1} In this case, we apply the holding of *State v. Shindler*, 70 Ohio St.3d 54, 636 N.E.2d 319 (1994), and reverse the judgment of the court of appeals and remand this case.

**I. Case Background**

{¶ 2} On August 3, 2011, Corrine Codeluppi was charged by citation with speeding, a minor misdemeanor in violation of R.C. 4511.21, and with operating a vehicle while intoxicated ("OVI"), a first-degree misdemeanor in violation of R.C. 4511.19(A). There was no video recording of the traffic stop and the field sobriety tests conducted. The only discovery evidence provided to Codeluppi was the police report of the arrest. The report indicated that the law-enforcement officer administered the three field sobriety tests that are standardized by the National Highway Traffic Safety Administration ("NHTSA")

guidelines: (1) horizontal-gaze nystagmus, (2) walk and turn, and (3) one-leg stand. The report described Codeluppi's actions and the law-enforcement officer's findings, but did not describe the instructions and demonstrations given by the officer prior to each test.

{¶ 3} Codeluppi filed a motion to suppress the evidence obtained during the traffic stop, for which the court set a hearing and pretrial conference. The day before the hearing, the state filed its response to the motion, requesting that the motion be denied pursuant to Crim.R. 47 as lacking sufficient particularity on the issue of alleged improper administration of field sobriety tests. The trial court denied the suppression motion that same day, stating that the motion lacked sufficient particularity to place the prosecutor and the court on notice of the issues to be decided. The court ordered the pretrial conference to proceed as scheduled.

{¶ 4} The next day, Codeluppi filed a motion for leave to file a supplemental brief in support of her motion to suppress and a motion for reconsideration. But at the pretrial, she pled no contest. The trial court found her guilty of OVI, dismissed the speeding charge, and sentenced her to 30 days in jail and a $1,000 fine. Twenty-seven days of the sentence and $400 of the fine were suspended, and she was placed on probation for one year with a 180-day license suspension allowing occupational driving privileges.

{¶ 5} Codeluppi appealed the denial of her motion to suppress to the Ninth District Court of Appeals. In a two-to-one decision, the court of appeals affirmed. The lead opinion agreed that the motion to suppress had "*generally* set forth numerous legal issues regarding probable cause, substantial compliance with NHTSA guidelines in field sobriety testing, and possible constitutional violations." (Emphasis sic.) 2012-Ohio-5812 at ¶ 24. Nevertheless, it found the motion deficient in that it failed

to state *with particularity* any factual allegations as to (1) how Officer Young allegedly lacked probable cause to further detain Ms. Codeluppi after initiating the traffic stop, and (2) the respects in which Officer Young allegedly violated provisions of the NHTSA guidelines in administering the Field Sobriety Tests.

(Emphasis sic.) *Id.* The dissenting judge did not agree that more factual detail was needed, because Codeluppi had specifically identified the code section and NHTSA standards that had not been met as well as the specific tests being challenged. The dissent concluded, "The State could have had no doubt what the basis for Ms. Codeluppi's motion to suppress was." *Id.* at ¶ 44 (Belfance, J., dissenting).

{¶ 6} Codeluppi appealed to this court, and we accepted jurisdiction on the first proposition of law: "When a defendant files a Motion to Suppress, a highly detailed pleading of facts and law is not required to satisfy the *Shindler* notice requirements and to trigger the right to a hearing[;] thus the trial court errs in dismissing the Motion without a hearing." 135 Ohio St.3d 1431, 2013-Ohio-1857, 986 N.E.2d 1021.

## II. Legal Analysis

*Standard of Review*

{¶ 7} The lead opinion of the court of appeals was mistaken in employing the abuse-of-discretion standard of review in this matter. Normally, appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.

When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v.*

*Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *State v. McNamara* (1997), 124 Ohio App.3d 706, 707 N.E.2d 539.

*Id.*

{¶ 8} Here, the trial court never acted as the trier of fact, because the motion to suppress was denied without a hearing. Whether the motion to suppress satisfied Crim.R. 47's minimum standards is a legal question. Crim.R. 47 states:

An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. *It shall state with particularity the grounds upon which it is made* and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.

(Emphasis added.)

{¶ 9} A trial court must hold a suppression hearing if the motion meets Crim.R. 47's minimum standards. *Shindler*, 70 Ohio St.3d 54, 636 N.E.2d 319, at syllabus. The lead opinion of the court of appeals reasoned that Traf.R. 11(E), like Crim.R. 12(F), does not mandate a hearing on every suppression motion. It

determined that the trial court's decision not to hold an evidentiary hearing would not be reversed absent an abuse of discretion. 2012-Ohio-5812, ¶ 23. But questions of law are to be reviewed de novo. *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8.

*Particularity in a Motion to Suppress*

**{¶ 10}** We have held that "[i]n order to require a hearing on a motion to suppress evidence, the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." *Shindler*, syllabus. Failure to include or particularly state the factual and legal basis for a motion to suppress waives that issue. *See Defiance v. Kretz*, 60 Ohio St.3d 1, 573 N.E.2d 32 (1991).

**{¶ 11}** Codeluppi challenged the traffic stop, the officer's probable cause to arrest, his failure to conduct field sobriety tests in substantial compliance with NHTSA guidelines, and statements obtained in violation of her Fifth and Sixth Amendment rights. The state's response complained only about the specificity of the motion regarding the alleged improper administration of the field sobriety tests. The admissibility of results of field sobriety tests is governed by R.C. 4511.19(D)(4)(b). That subdivision provides:

> In any criminal prosecution * * * for a violation of division (A) or (B) of this section, * * * if a law enforcement officer has administered a field sobriety test to the operator of the vehicle involved in the violation and if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any

testing standards then in effect that were set by the national highway traffic safety administration, all of the following apply:

(i) The officer may testify concerning the results of the field sobriety test so administered.

(ii) The prosecution may introduce the results of the field sobriety test so administered as evidence in any proceedings in the criminal prosecution * * *.

(iii) * * * [I]f the testimony or evidence is admissible under the Rules of Evidence, the court shall admit the testimony or evidence and the trier of fact shall give it whatever weight the trier of fact considers to be appropriate.

In other words, the results of the field sobriety tests are not admissible at trial unless the state shows by clear and convincing evidence that the officer administered the test in substantial compliance with NHTSA guidelines. A motion to suppress is an appropriate pretrial proceeding designed to determine the admissibility of this evidence.

{¶ 12} Codeluppi's motion to suppress requested the exclusion of

1. Any and all evidence obtained by the State of Ohio subsequent to the unlawful and unconstitutional traffic stop and seizure of the Defendant herein;

2. Any and all evidence obtained by the State of Ohio as the fruit of the unconstitutional arrest of the Defendant;

3. Any and all standardized field sobriety test observations and/or results as said field tests were not performed in substantial compliance with NHTSA guidelines; and/or

> 4. Any and all oral or written custodial statements obtained from or made by the Defendant.

The memorandum in support also asked the court to consider the following specific claims in determining whether there was probable cause to arrest:

> 1) The tests were administered under duress resulting in the Defendant's emotional and/or physical condition (independent of alcohol) affecting the Defendant's ability to perform the field sobriety tests;
>
> 2) The tests were administered under difficult environmental conditions;
>
> 3) The officer's analysis of the Defendant's performance on these tests was biased resulting in inaccurate recording at the police station.

The memorandum continued: "It is the Defendant's contention, and the State is hereby put on notice, that the testing law enforcement officer failed to instruct, conduct, evaluate, administer, and/or record the standardized field sobriety tests used in the within matter in substantial compliance with [NHTSA] Guidelines."

{¶ 13} *Shindler* does not require that a defendant set forth the basis for suppression in excruciating detail. Instead, the question is whether the language used provides sufficient notice to the state. After all, "[t]he motion to suppress is merely a procedural vehicle to 'put the ball into play' and serve notice that the defendant intends to have the state meet its legislatively mandated burden of demonstrating compliance with any and all challenged regulations and requirements." Weiler & Weiler, *Baldwin's Ohio Driving Under the Influence Law, 2012-2013*, Section 9:13, at 265 (2012). Codeluppi's motion meets this

standard. She alleged that the officer had not conducted the field sobriety tests in substantial compliance with NHTSA guidelines as required by R.C. 4511.19(D)(4)(b). This statement was sufficient to identify the issues Codeluppi was raising. We agree with the dissenting judge below that the state could have no doubt about the basis for the motion to suppress.

{¶ 14} The primary source of evidence normally available to an OVI defendant—a video recording of the field sobriety tests—was not available in this case. Defense counsel had no readily available reliable evidence from which counsel could formulate more particularized grounds regarding the police officer's failure to substantially comply with NHTSA guidelines. Codeluppi therefore provided notice of legally significant facts to the extent that the facts were available, rendering her motion more than a mere fishing expedition.

### III. Conclusion

{¶ 15} We hold that a highly detailed pleading of the facts and law is not required to satisfy the notice requirements of *Shindler* and to trigger the right to a hearing on a motion to suppress. We therefore reverse the judgment of the court of appeals and remand this cause to the trial court for a hearing on the motion to suppress.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

PFEIFER, J., dissents and would affirm the judgment of the court of appeals.

_____

Toni L. Morgan, North Ridgeville City Prosecutor, for appellee.

Polito, Paulozzi, Rodstrom & Burke, L.L.P., and Joseph T. Burke, for appellant.

8

Gregg Marx, Fairfield County Prosecuting Attorney, and Jocelyn S. Kelly, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Ohio Prosecuting Attorneys Association.

John T. Forristal, urging reversal for amicus curiae Cuyahoga Criminal Defense Lawyers Association.

Paul A. Griffin Co., L.P.A., and Paul A. Griffin, urging reversal for amicus curiae Ohio Association of Criminal Defense Lawyers.

_____