[Cite as *State v. Brugnone*, 2016-Ohio-6964.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio/City of Bowling Green          Court of Appeals No. WD-15-067

    Appellee                                     Trial Court No. 15 TRC 03418

v.

Anthony J. Brugnone, III                     **DECISION AND JUDGMENT**

    Appellant                                    Decided:  September 23, 2016

* * * * *

Matthew L. Reger, Bowling Green Prosecuting Attorney, for appellee.

Andrew R. Mayle, Jeremy S. Ray, and Ronald J. Mayle, for appellant.

* * * * *

**JENSEN, P.J.**

{¶ 1} Defendant-appellant, Anthony J. Brugnone, III, appeals the October 9, 2015 judgment of the Bowling Green Municipal Court convicting him of operating a motor vehicle while under the influence of alcohol, and, more specifically, the court's September 25, 2015 judgment denying his motion to suppress evidence.  For the reasons that follow, we affirm.

## I. Background

{¶ 2} At 2:40 a.m. on May 30, 2015, Trooper Ann Malone, of the Ohio State Highway Patrol, was traveling south on Dunbridge Road in Bowling Green, Ohio, when she encountered Brugnone's vehicle stopped in the northbound lane and two pedestrians walking along either side of it. She activated her lights and turned into the northbound lane behind Brugnone's vehicle. The pedestrians—two young women—had already gotten into the vehicle. Trooper Malone told Brugnone to pull the vehicle off to the side of the road. She then approached the driver's side of the vehicle and asked if there was a problem. Brugnone told her that the women had been drinking, so he picked them up to take them to the nearby Meijer.

{¶ 3} Trooper Malone smelled alcohol, observed that Brugnone's eyes were bloodshot and glassy, and detected that Brugnone's speech was slurred. She ordered Brugnone to exit the vehicle and led him to her patrol car. She asked if he had a pocket knife on him. He told her he did. She retrieved the pocket knife from him, directed him to get into the front seat of the patrol car, and asked one of the passengers to pop the trunk of Brugnone's vehicle. She threw the pocket knife into the trunk and returned to Brugnone.

{¶ 4} Trooper Malone asked Brugnone if he had been drinking. He initially denied that he had, but she told him she could smell alcohol on him and he conceded that he had had two Angry Orchard beers three hours before. She administered the horizontal gaze nystagmus test, a portable breath test, and field sobriety testing. Based on the

2.

results of these tests, she concluded that there was probable cause to believe that he was under the influence of alcohol.

{¶ 5} Brugnone was charged with operating a vehicle under the influence of alcohol ("OVI"), a violation of R.C. 4511.19(A)(1)(a), and operating a vehicle with a prohibited alcohol content, a violation of R.C. 4511.19(A)(1)(d). He moved the trial court to suppress evidence, arguing that Trooper Malone had no basis to remove him from his car and to prolong the stop to pursue an OVI investigation. The trial court conducted a suppression hearing on August 27, 2015, at which Trooper Malone testified. Footage from the vehicle's dashboard camera was viewed, and the parties briefed the motion. On September 25, 2015, the trial court denied Brugnone's motion. Brugnone withdrew his previous plea of not guilty, and entered a guilty plea to the OVI charge. The remaining charge was dismissed. The trial court imposed a 33-day jail sentence, 30 days of which were suspended. Brugnone appealed and he assigns the following error for our review:

> Because the arresting officer did not have a warrant or an independent basis to prolong Mr. Brugnone's detention beyond the purpose of her initial encounter with Brugnone, the trial court erred in not suppressing the evidence that the trooper gathered as result of her prolonged warrantless detention of appellant.
>
> This error is reflected in the trial court's decision and judgment entry of September 25, 2015. The issue here is that the state to fulfill its burden of justifying the warrantless prolonged detention. [sic] "Warrantless

3.

seizures are presumptively unconstitutional." *State v. Christian*, 6th Dist., 2004 WL 1293253, ¶ 11. "Therefore, the prosecution has the burden of proving that the warrantless search at issue was justified under one of the recognized exceptions to the warrant requirement." *Id.*

## II. Law and Analysis

{¶ 6} Brugnone argues that Trooper Malone had no basis to remove him from his vehicle, prolong the stop, and pursue an OVI investigation. He insists that the odor of alcohol could have emanated from anyone in the car. He denies that his speech was slurred and claims that Trooper Malone's contention to the contrary is demonstrably false. He explains that his purportedly bloodshot eyes—which the trooper viewed for mere seconds—can easily be explained by the late hour. And he maintains that he calmly followed all instructions, safely pulled to the side of the road when he was asked to, and had the presence of mind to activate his hazard lights.

{¶ 7} Appellate review of a motion to suppress is a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. On a motion to suppress, the trial court assumes the role of finder of fact and, as such, is in the best position to determine witness credibility and resolve factual disputes. *State v. Codeluppi*, 139 Ohio St.3d 165, 10 N.E.3d 691, 2014-Ohio-1574, ¶ 7, citing *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). On appeal, we must accept the trial court's factual findings as true if supported by competent and credible evidence. *State v. Durnwald*, 163 Ohio App.3d 361, 2005-Ohio-4867, 837 N.E.2d 1234, ¶ 28 (6th Dist.). We then independently determine, without deference to the trial court's

4.

conclusion, whether the facts meet the appropriate legal standard. *State v. Jones-Bateman*, 6th Dist. Wood No. WD-11-074, 2013-Ohio-4739, ¶ 9, citing *State v. Claytor*, 85 Ohio App.3d 623, 626, 620 N.E.2d 906 (4th Dist.1993).

{¶ 8} Trooper Malone testified at the suppression hearing that upon seeing Brugnone's vehicle stopped and the two female pedestrians walking alongside the vehicle, she stopped "to make sure that everybody was okay and to check on them." She claimed that she immediately detected "the strong odor of alcohol, the bloodshot, glassy eyes and the slurred speech coming from the defendant." After directing Brugnone to sit in her cruiser, she saw that he held on to her patrol car to keep his balance, and he ultimately admitted that he had been drinking. She said that the combination of these factors caused her to conclude that she needed to administer field sobriety testing, however, she conceded that she had decided to investigate further before asking Brugnone to exit his vehicle.

{¶ 9} "[W]hen an officer's objective reasons for prolonging detention in a traffic stop are unrelated to the purpose of the initial stop, the continued detention must be predicated on 'articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention.'" (Citations omitted.) *State v. Mapes,* 6th Dist. Fulton No. F-04-031, 2005-Ohio-3359, ¶ 40. Only reasonable suspicion that a driver is intoxicated is required to support further investigation. *State v. Beeley,* 6th Dist. Lucas No. L-05-1386, 2006-Ohio-4799, ¶ 14. "Reasonable suspicion is '* * * something more than an inchoate or unparticularized suspicion or hunch, but less than the level of suspicion required for probable cause.'" (Citations omitted.) *Id.* at ¶ 15.

5.

{¶ 10} The Second District has repeatedly noted that whether articulable and specific facts exist to justify a prolonged detention for investigative purposes is often a close issue. *Id.* at ¶ 16, citing *State v. Spillers*, 2d Dist. Darke No. 1504, 2000 Ohio App. LEXIS 1151 (Mar. 24, 2000). To that end, where a de minimus traffic violation or something other than dangerous driving provides the reason for the initial stop, courts often conclude that the odor of alcohol alone does not provide reasonable suspicion of driving under the influence. *Id.,* citing *Spillers* and *State v. Dixon,* 2d Dist. Greene No. 2000-CA-30, 2000 Ohio App. LEXIS 5661 (Dec. 1, 2000). However, "[a] strong odor of an alcohol beverage, bloodshot and glassy eyes and slurred speech are classic observations indicative of insobriety." (Internal quotations and citations omitted.) *State v. Kuhl*, 6th Dist. Ottawa No. OT-07-032, 2008-Ohio-1641, ¶ 17. In *Mapes,* we found that reasonable, articulable suspicion existed to detain the defendant where the officer observed an odor of alcohol, "somewhat slurred" speech, and glassy and bloodshot eyes, especially when combined with the fact that it was after 2:00 a.m. *Id.* at ¶ 42. This is what Trooper Malone claims to have observed during her 2:40 a.m. encounter with Brugnone.

{¶ 11} It is clear from the dash cam recording that Brugnone's car was stopped in the northbound lane of a two-lane road with pedestrians nearby. Upon approaching the vehicle, Trooper Malone pointed her flashlight into the vehicle, thus allowing her to view Brugnone's face. She asked him a question, prompting a sigh and a response from Brugnone. While it may be debated whether or not Brugnone's speech was "slurred," only Trooper Malone can say what she smelled and what she saw. What she described, if

6.

believed, provided a sufficient basis for her to pursue an OVI investigation. *See Beeley* at ¶ 16, citing *State v. Marshall*, 2d Dist. Clark No. 2001-CA-35, 2001 Ohio App. LEXIS 5934, *5 (Dec. 28, 2001) (recognizing that where the odor of alcohol is "strong," this alone is enough to provide an officer with reasonable suspicion of criminal behavior). The trial court observed Trooper Malone's testimony and obviously found it credible. As such, we find that the trial court's factual conclusions were supported by competent, credible evidence.

{¶ 12} We, therefore, find Brugnone's sole assignment of error not well-taken.

### III. Conclusion

{¶ 13} We affirm the October 9, 2015 judgment of the Bowling Green Municipal Court. The costs of this appeal are assessed to Brugnone under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                            _____

                                                         JUDGE

Thomas J. Osowik, J.

James D. Jensen, P.J.                         _____
CONCUR.
                                                           JUDGE

                                                       _____
                                                           JUDGE

7.