[Cite as *State v. Allenbaugh*, 2022-Ohio-582.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

- v -

MARK H. ALLENBAUGH,

Defendant-Appellant.

CASE NO. 2021-A-0027

Criminal Appeal from the
Municipal Court

Trial Court No. 2017 TRD 04031

## O P I N I O N

Decided: February 28, 2022
Judgment: Modified and affirmed as modified

---

*Michael Franklin*, Ashtabula City Solicitor, and *Lori B. Lamer*, Assistant Ashtabula City Solicitor, 110 West 44th Street, Ashtabula, OH 44004 (For Plaintiff-Appellee).

*Mark H. Allenbaugh*, pro se, 2934 Shirley Street, Ashtabula, OH 44004 (Defendant-Appellant).

MATT LYNCH, J.

{¶1}   Defendant-appellant, Mark H. Allenbaugh, appeals the August 30, 2021, Judgment Entry of the Ashtabula Municipal Court, (1) dismissing, with prejudice, a single charge of violating R.C. 4511.21(B)(1)(a) (speeding in a school zone), and (2) finding that "probable cause existed for the filing of the citation."  Allenbaugh challenges the probable cause finding.  For the following reasons, we modify the judgment of the municipal court by vacating the finding of probable cause and affirm as modified.

{¶2} On December 1, 2017, Allenbaugh was charged with a violation of R.C. 4511.21(B)(1)(a). The matter proceeded to trial resulting in his conviction on December 10, 2018.

{¶3} In *State v. Allenbaugh*, 2020-Ohio-68, 151 N.E.3d 50 (11th Dist.), this court reversed the conviction on the grounds that the municipal court erred by holding a *Daubert* hearing on the reliability of the TruSpeed Laser in Allenbaugh's absence: "Allenbaugh's absence at the Daubert hearing deprived him of a fair and just hearing inasmuch as his conviction was based on Trooper Balcomb's laser reading of his speed and that testimony would not have been admissible but for the foundation laid at the November 1, 2018 [*Daubert*] hearing." *Id.* at ¶ 46. The matter was remanded for further proceedings consistent with our opinion.

{¶4} On July 19, 2021, Allenbaugh filed a Motion to Dismiss based on the violation of his speedy trial rights and/or the statute of limitations. A hearing on the Motion to Dismiss was held on August 27, 2021.

{¶5} On August 30, 2021, the trial court issued the following Judgment Entry:

> Upon careful consideration the case will be dismissed with prejudice, although probable cause existed for the filing of the citation. The Court makes this finding based upon the testimony at trial of Trooper Scotty Balcomb, who had 18 years of experience and testified that his visual observation of defendant's speed was 38-40 mph in a 20 mph school zone.

{¶6} On September 29, 2021, Allenbaugh filed a Notice of Appeal. On appeal, he raises the following assignment of error: "The trial court erred by making a *sua sponte* finding of probable cause for issuance of the speeding citation when dismissing the case with prejudice."

2

{¶7} Allenbaugh asserts that the municipal court erred as a matter of law by making a probable cause determination. Whether Trooper Balcomb's trial testimony supports a probable cause finding is not before this court. Accordingly, we consider the assigned error de novo. *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, 10 N.E.3d 691, ¶ 9 ("questions of law are to be reviewed de novo").

{¶8} Specifically, Allenbaugh argues that no preliminary hearing was ever held to establish probable cause, which, in any case, would only have been appropriate if he were facing a felony charge. *See* Crim.R. 5(B); *State v. Nelson*, 51 Ohio App.2d 31, 365 N.E.2d 1268 (8th Dist.1977), paragraph two of the syllabus ("[a]t a preliminary hearing, the Municipal Court is limited to determining probable cause and binding the accused over to the Court of Common Pleas, or ordering the accused discharged, or finding probable cause to believe the accused committed a misdemeanor and retaining the case for trial after causing a complaint to issue charging the accused with a misdemeanor"). Stated otherwise, the probable cause determination authorized by Criminal Rule 5(B) is not applicable in the present case and there is no other rule authorizing the municipal court to make such a determination.

{¶9} Allenbaugh also argues that reliance on Trooper Balcomb's trial testimony as a substitute for a preliminary hearing was improper inasmuch as his conviction at trial was reversed and the case remanded for further proceedings at the point where error occurred, i.e., at the *Daubert* hearing to establish the reliability of the laser speed gun. *Armstrong v. Marathon Oil Co.*, 32 Ohio St.3d 397, 513 N.E.2d 776 (1987), paragraph seven of the syllabus ("[w]hen a cause of action is reinstated by a court of appeals and remanded for further proceedings to the trial court, such reinstatement is *in statu quo*

3

*ante*, and the lower court is required to proceed from the point at which the error occurred").

{¶10} In support of his arguments, Allenbaugh relies on two decisions from this court. In *State v. Temple*, 11th Dist. Trumbull No. 3521, 1985 WL 10216, the defendant was charged with speeding in municipal court. At trial, the prosecutor was not able to go forward because of a lack of witnesses. The municipal court dismissed the charge, but "also made a finding that probable cause had been shown by testimony taken at a previous hearing" (the character of which is not further described). *Id.* at *1.

{¶11} On appeal, this court affirmed the judgment but "modified [it] to exclude the determination and specific finding of probable cause." We explained:

> In the present case, no felony matter was charged, nor any preliminary hearing conducted that resulted in a determination of probable cause that a misdemeanor was committed. There is no other legal basis under existing law in Ohio that would authorize the trial court here to make a determination of probable cause in a situation involving a traffic offense that at best is a minor misdemeanor. Thus, it was improper for the trial court to make such a finding of probable cause in its judgment entry.

*Id.*

{¶12} In *State v. Colley*, 11th Dist. Trumbull No. 3508, 1985 WL 10213, the prosecutor moved to dismiss a charge of petty theft with a finding of probable cause for filing the complaint. Finding "no record to base a probable cause finding," this court modified the judgment by deleting "and the case will be dismissed with probable cause for the filing of the Complaint," and thereupon affirmed the judgment as modified. *Id.* at *1.

{¶13} The State responds that the municipal court did not commit reversible error inasmuch as the probable cause "finding in no way [a]ffects Appellant's rights, reputation

4

or ability to continue on with his daily life or with any repercussions to life, liberty or the pursuit of happiness." Appellee's brief at 4. We agree to the extent that the judgment of dismissal may be modified in the manner of *Temple* and *Colley* and affirmed as modified.

{¶14} The sole assignment of error has merit to the extent indicated above.

{¶15} For the forgoing reasons, the August 30, 2021, Judgment Entry of the Ashtabula Municipal Court is modified to vacate the finding that probable cause existed for filing the citation. In all other respects the Judgment is affirmed. Costs to be taxed against the appellee.

CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2021-A-0027