[Cite as *State v. Patton*, 2022-Ohio-3856.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                   Court of Appeals No.  H-22-001

      Appellee                           Trial Court No.  CRI 2021 0464

v.

Donald R. Patton                                **DECISION AND JUDGMENT**

      Appellant                          Decided:  October 28, 2022

* * * * *

James Joel Sitterly, Huron County Prosecuting Attorney,
for appellee.

Tyler Naud Jechura, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a November 23, 2021 judgment of the Huron County

Court of Common Pleas, granting, in part, and denying, in part, appellant's motion to

suppress, in the underlying possession of fentanyl case.  For the reasons set forth below,

this court affirms the judgment of the trial court.

{¶ 2} Appellant, Donald Patton, submits the following three assignments of error:

THE TRIAL COURT ERRED WHEN IT DENIED [IN PART] THE MOTION TO SUPPRESS BECAUSE MR. PATTON WAS NOT COMMITTING ANY ACTION THAT MADE HIM SUBJECT TO ARREST.

THE TRIAL COURT ERRED WHEN IT DENIED [IN PART] THE MOTION TO SUPPRESS BECAUSE THIS DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, CREATING A MANIFEST MISCARRIAGE OF JUSTICE.

THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT THE MOTION TO [SUPPRESS] BECAUSE MR. PATTON WAS SUBJECTED TO A CUSTODIAL INTERROGATION WITHOUT BEING MIRANDIZED.

{¶ 3} The following undisputed facts are relevant to this appeal.  On the evening of June 5, 2021, three different citizens in the Huron County city of Willard called the local police department to report their concerns upon witnessing a sweaty, partially clad man, dancing and acting erratically while in a public roadway near the intersection of Maple St. and Laurel St.

2.

**{¶ 4}** The witnesses perceived that the man was under the influence of drugs and that his conduct was unsafe. Based upon their observations, they called the police to report their concerns regarding what was taking place.

**{¶ 5}** In response to the multiple calls received reporting concerns in a short period of time, the police department timely dispatched an officer to the scene to investigate the matter.

**{¶ 6}** Upon arriving at the scene, the responding officer instantly recognized appellant, with whom the officer was familiar based upon his past police interactions with appellant in connection to appellant's drug abuse.

**{¶ 7}** The officer observed appellant to be on foot, mostly unclothed, sweating "very bad", erratically "flapping his hands around", with sores visible on his body, twitching frenetically, and in a confused mental state.

**{¶ 8}** Based upon these observations, in conjunction with an awareness of appellant's history of drug abuse, the officer determined that appellant was in a state of drug intoxication and presented a risk of harm to himself or others given his presence upon a public roadway in a compromised condition.

**{¶ 9}** Accordingly, the officer advised appellant that he needed to conduct a safety search. The officer then inquired if appellant had anything on his person that might present a risk in the course of the safety search.

3.

{¶ 10} After a brief back and forth, during which appellant protested that he had not done anything wrong, appellant ultimately disclosed that he was in possession of several drug needles.

{¶ 11} In the course of then being handcuffed, mirandized, and arrested, appellant conveyed to the officer that he had taken drugs, namely fentanyl, and turned over several drug needles containing fentanyl to the arresting officer.

{¶ 12} On August 27, 2021, appellant was indicted on one count of possession of fentanyl, in violation of R.C. 2925.11(A), a felony of the fifth degree, and one count of possession of drug abuse instruments, in violation of R.C. 2925.12, as enhanced to a misdemeanor of the first degree due to prior convictions.

{¶ 13} On September 17, 2021, appellant filed a motion to suppress. On November 15, 2021, the trial court conducted an evidentiary hearing on the motion to suppress.

{¶ 14} During the suppression hearing, appellee presented the testimony of the Willard Police Department dispatcher who was on-duty and fielded the emergency calls from the public regarding appellant dancing erratically in the roadway in a state of partial undress.

{¶ 15} The dispatcher first testified regarding the various education and training that she had received in connection to her professional position.

4.

{¶ 16} The dispatcher then proceeded to testify that while on duty on the evening of June 5, 2021, she took calls from three different individuals within a short period time who each conveyed various concerns regarding witnessing a man wearing nothing but shorts, appeared to be under the influence, and was dancing erratically in a public roadway.

{¶ 17} The callers consistently described the unusual conduct, unsettled demeanor, conveyed safety concerns, and reported the man's presence in the same general location. The dispatcher testified that she forwarded this information so that officers could be dispatched to the scene and address the situation.

{¶ 18} The trial court next heard testimony from the responding officer. The officer testified in detail regarding his specialized training in drug and alcohol related offenses, testified that in the course of his years employed in law enforcement he had encountered individuals under the influence of drugs or alcohol on a daily basis, and conveyed that he had been employed as a police officer since 2011.

{¶ 19} The officer next testified that while on duty on June 5, 2021, he responded to a call of an intoxicated male "dancing in the road" in the vicinity of Maplewood St. and Laurel St. in Willard.

{¶ 20} Upon arriving at the location, the officer observed appellant, with whom he was familiar, as he had previously dealt with appellant on prior drug related incidents.

{¶ 21} The officer testified that he observed appellant to be, "sweating, very bad, and flapping his hands around." The officer noticed that appellant, who was mostly unclothed, had, "open sores all over his body."

{¶ 22} The officer further testified that upon approaching and interacting with appellant, he observed that appellant was, "sweating profusely, looked confused * * * his speech was very fast, and he could not keep himself under control, [his] body [was] twitching a lot."

{¶ 23} The officer next testified that based upon these direct observations, in conjunction with his prior involvement with appellant related to drug abuse, he concluded that appellant was exhibiting signs of drug intoxication and presented a risk of harm to himself or others by being in a public roadway while under the influence of drugs.

{¶ 24} Accordingly, the officer advised appellant that he was going to conduct a safety search of him. The officer asked appellant if he had anything in his pockets that may be unsafe and that he needed to remove before the officer searched the pockets of appellant's shorts.

{¶ 25} While being handcuffed, mirandized, and arrested, appellant disclosed his drug usage, and produced several drug needles containing fentanyl, one of them open and uncapped, to the officer.

{¶ 26} The trial court next heard the direct testimony of appellant.

6.

{¶ 27} Unconvincingly, while appellant recalled taking fentanyl that day, recalled his interactions with the officer, recalled being handcuffed, recalled being taken to the hospital to have his vital signs checked and his sores bandaged, appellant nevertheless maintained that he was uncertain whether or not he could recall dancing about in the roadway.

{¶ 28} Subsequently, appellant's testimony on this point shifted, and he next maintained that he could now recall that he definitely was not dancing in the street, in contravention of the multiple eyewitness callers observing him do so, and contrary to the responding officer's observations. At this juncture, the parties rested and the motion was taken under advisement.

{¶ 29} On November 23, 2021, the trial court granted appellant's motion to suppress, in part, and denied it, in part. Specifically, in response to a brief gap in time between appellant being handcuffed and being mirandized, the trial court excluded evidence from an approximately one-minute period of time elapsing between appellant being handcuffed and being mirandized.

{¶ 30} In denying the suppression of the balance of the evidence, the trial court emphasized that appellant's unsafe actions that evening had been observed by three separate, independent eyewitnesses, each of whom was so concerned that each separately called the police.

7.

{¶ 31} The trial court similarly noted that several of the callers specifically expressed concern about the risk of harm created by appellant appearing to be under the influence while dancing erratically about in a public roadway.

{¶ 32} The trial court next noted that upon arrival at the scene, the officer, whom was acquainted with appellant and aware of his history of drug abuse, made a multitude of specific first-hand observations of appellant, all consistent with the notion that appellant was in a state of drug intoxication, a criminal offense, and that appellant presented a safety risk to himself and others by cavorting about in a public roadway while under the influence of drugs. Accordingly, given ample evidence of criminal offenses transpiring, the balance of the evidence was not suppressed.

{¶ 33} Following the above-described split motion to suppress decision, appellant pled no contest to the offenses. Appellant was sentenced to a three-year term of community control and completion of a residential drug treatment program. This appeal ensued.

{¶ 34} All three assignments of error are rooted in the common legal premise that the trial court erred in the motion to suppress decision. Accordingly, they will be addressed simultaneously.

{¶ 35} For clarity, we note that the applicable standard of review for a disputed motion to suppress decision is whether the decision was supported by competent, credible evidence, rather than the manifest weight standard put forth by appellant.

8.

**{¶ 36}** We further note that appellant's third assignment of error captions the motion to suppress as a motion to dismiss. This case did not entail a motion to dismiss. Thus, we shall construe all assignments of error as challenging the motion to suppress decision.

**{¶ 37}** It is well-established that appellate court review of a disputed motion to suppress determination presents a mixed question of fact and law.

**{¶ 38}** As held by the Ohio Supreme Court in *State v. Codeluppi*, 139 Ohio St.3d 165, 10 N.E.3d 691, 2014-Ohio-1574, ¶ 7,

> When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills*, 62 Ohio St.3d 357, 582 N.E.2d 972 (1992). Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E. 583 (1982). Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *State v. McNamara*, 124 Ohio App.3d 708, 707 N.E.2d 539 (1997).

9.

{¶ 39} In support of this appeal, appellant makes the unilateral, blanket assertion that he did not commit, "any acts that left him subject to arrest." The record of evidence does not bear out this position.

{¶ 40} On the contrary, the record contains considerable evidence, consisting of emergency calls from three separate eyewitnesses, in conjunction with detailed testimony from the responding officer, all consistently observing that on June 5, 2021, appellant was dancing in a public motor vehicle roadway, wearing nothing but a pair of shorts, at approximately 9:00 p.m., sweating, twitching, and otherwise behaving erratically in a way consistent with being in a state of drug intoxication, reflective of suspicious, unsafe, and criminal activity, subjecting appellant to the possibility of arrest. This conduct was observed by multiple, separate parties, including law enforcement personnel and multiple concerned citizens.

{¶ 41} Accordingly, appellant's claim that the record does not show that he committed any actions that left him subject to arrest runs counter to the record of evidence and is without merit.

{¶ 42} While appellant next argues that the trial court's partial denial of the motion to suppress was against the manifest weight of the evidence, we shall construe this assertion as disputing that the motion to suppress determination was supported by competent, credible evidence, the applicable standard of appellate review.

10.

{¶ 43} We find that the record is replete with competent, credible evidence in support of the trial court's determination that the officer possessed the requisite suspicion of a criminal offense by appellant so as to warrant appellant being stopped, questioned, and searched by the responding officer.

{¶ 44} As discussed in detail above, multiple emergency callers reported concerns of appellant dancing about erratically in a public roadway, clad in only shorts, and appearing to be under the influence. The responding officer observed appellant to be sweating profusely, twitching uncontrollably, confused, speaking fast, and exhibiting open skin sores upon his body.

{¶ 45} The record reflects competent, credible evidence in support of the trial court's partial denial of appellant's motion to suppress.

{¶ 46} Lastly, appellant argues that, "the trial court erred when it failed to grant the motion to dismiss." We reiterate that the record reflects no motion to dismiss. As such, we construe this as an additional refutation of the trial court's partial denial of appellant's motion to suppress. In support, appellant asserts that he was improperly subjected to custodial interrogation prior to being mirandized.

{¶ 47} We note that in the subject motion to suppress determination, the trial court found that there was a brief period of time, approximately one-minute, during which appellant was handcuffed and interrogated, but prior to being mirandized.

11.

{¶ 48} Accordingly, the trial court granted the motion to suppress, in part, as related to that portion of the time, and excluded that portion of the evidence.

{¶ 49} As the trial court remedied the issue via the partial granting of the motion to suppress for that portion of time, and the denial of the balance of the motion to suppress was supported by competent, credible evidence, as discussed in detail above, we find appellant's final argument to be without merit.

{¶ 50} On consideration whereof, the judgment of the Huron County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J. _____

_____
JUDGE

Christine E. Mayle, J. _____

_____
JUDGE

Myron C. Duhart, P.J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.