[Cite as *State v. Kelsey*, 2024-Ohio-806.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-23-1101

      Appellee                              Trial Court No.  CR0202201184

v.

Tabatha Kelsey                             **DECISION AND JUDGMENT**

      Appellant                             Decided:  March 1, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} This matter is before the court on appeal of the Lucas County Court of

Common Pleas judgment of March 23, 2023, following the no contest plea of appellant,

Tabatha Kelsey, to one count of trafficking in fentanyl in violation of R.C. 2925.03(A)(2)

and (C)(9)(C), a felony of the second degree, and one count of trafficking in cocaine in

violation of R.C. 2925.03(A)(2) and (C)(4)(f), a felony of the first degree.  Appellant's

plea was entered after the trial court denied her motion to suppress evidence, challenging aspects of the traffic stop. The trial court imposed a sentence of 3 to 4-1/2 years in prison as to each count, with the sentences to run concurrently. For the reasons that follow, we affirm.

## II. Facts and Procedural History

{¶ 2} Officer Jawdat (J.D.) Rahman of the Swanton Police Department initiated a traffic stop of appellant on July 21, 2021. Rahman's body-camera recorded the encounter. Appellant's car had no rear plate, and the temporary tag in her back window was not visible due to the vehicle's dark window tint. After Rahman determined the registration was expired, which appellant acknowledged, he notified appellant her vehicle would be towed and inventoried, and he asked appellant to step out of her car.

{¶ 3} Rahman told appellant he smelled burnt marijuana emanating from her vehicle, and that the inventory search of her vehicle would reveal any contraband inside. He also admitted he had been investigating appellant on suspicion of drug trafficking and he was going to have a K-9 unit come to the scene. He asked appellant if a search of her car would reveal illegal drugs. Rahman called for a K-9 unit but the K-9 unit was not available.

{¶ 4} Appellant admitted someone had smoked marijuana in her car but claimed there was nothing currently in the car. Appellant denied involvement in drug trafficking. Appellant consented to a pat-down search and was placed in the back of Rahman's cruiser. Rahman then asked appellant's passenger to exit the vehicle, and he immediately

2.

spotted a marijuana vape pen on the passenger seat. The passenger admitted it was her marijuana. The passenger was given a pat-down search and placed in the rear of another cruiser.

{¶ 5} The search of appellant's vehicle revealed multiple cell phones, a large amount of cash, a scale, and a bag containing a white rocky substance, powder, and pills that all appeared to be drugs. Subsequent testing confirmed the rocky substance as cocaine, the pills as fentanyl, and the white powder as fentanyl and tramadol. Appellant's passenger informed Rahman that appellant kept drugs in a storage unit.

{¶ 6} Police took appellant and her passenger into custody, and the Lucas County Sheriff's Department took over the investigation. As noted by the parties, appellant cooperated with the investigation, admitted to selling drugs, acknowledged she stored drugs in a storage unit just outside Swanton, and consented to a search of her storage unit. The Lucas County Sheriff's Department, in coordination with the Northwest Ohio Interdiction Drug Task Force, searched the unit and found cocaine, fentanyl, and items used in drug trafficking.

{¶ 7} On February 7, 2022, appellant was indicted on four charges, as follows:

Count 1:    Trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(2) and (C)(9)(e), a felony of the second degree.

Count 2:    Possession of a fentanyl-related compound in violation of R.C. 2925.11)(A) and (C)(11)(d), a felony of the second degree.

3.

Count 3:     Trafficking in cocaine in violation of R.C. 2925.03(A)(2) and (C)(4)(f), a felony of the first degree.

Count 4:     Possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(e), a felony of the first degree.

{¶ 8} On April 27, 2022, appellant appeared for arraignment with appointed counsel and entered a plea of not guilty. On June 28, 2022, appellant filed a motion to suppress the evidence and her statements resulting from the traffic stop, arguing the traffic stop was pretextual, as Rahman stopped appellant's vehicle based on his "hunch" she was involved in drug trafficking. Appellant also argued that Rahman extended the stop without a valid, legal basis because Rahman "glossed over the license plate violation" and held her beyond the time it should have taken to write a ticket for the violation and for appellant to call for a tow. Appellant argued the search was without cause and an impermissible search, based only on Rahman's belief, unsupported by the facts known to him at the time, that he would find drugs in her vehicle.

{¶ 9} The appellee, state of Ohio, opposed the motion to suppress, noting appellant's vehicle registration had expired in May 2021, with the COVID extension for renewal expiring July 1, 2021, and appellant's car had no visible license plate or tag when Rahman initiated the stop. Thus, Rahman had probable cause to believe appellant was driving her vehicle in violation of R.C. 4503.21(A), a valid basis for a traffic stop. As to extending the stop, the state argued Rahman's testimony that he immediately noted the odor of burnt marijuana. Furthermore, while he waited for a response to his radio call for

4.

a record check, Rahman asked appellant to step out of her vehicle and asked appellant about marijuana use.

{¶ 10} In the alternative, the state argued that the evidence seized from the vehicle was subject to an exception based on inevitable discovery. The state argued Rahman had discretion to tow appellant's vehicle, pursuant to R.C. 4513.61, and therefore, the routine inventory search of a properly impounded vehicle, conducted in good faith, would have resulted in seizure of the same evidence. The state further noted that the Swanton Police Department had a policy governing the inventory search required prior to impounding a vehicle.

{¶ 11} On December 2, 2022, the trial court held a hearing on the motion to suppress. Rahman was the sole witness at hearing, and the trial court admitted the state's exhibits: a redacted video of Rahman's body-camera recording that showed the traffic stop, and the Swanton Police Department's vehicle towing policy. At hearing, Rahman testified that he stopped appellant's vehicle based on her failure to properly display her temporary registration, and upon approaching the vehicle, he informed appellant of this basis for the stop. Appellant acknowledged it was not visible, telling Rahman, "Because I have tinted windows, J.D." Rahman testified that he noted the odor of marijuana coming from inside appellant's vehicle during this initial interaction. After motioning appellant out of the vehicle, Rahman told her the registration had expired and he could tow her vehicle, which would involve an inventory search of the inside. He also informed

5.

appellant he could smell burnt marijuana, another basis to perform a search of the vehicle, and asked if she had been using marijuana, which appellant denied.

{¶ 12} After the hearing, the parties filed supplemental briefs, relative to the motion to suppress. Appellant filed closing arguments, arguing Rahman conducted a pretextual stop, based on the fact he never wrote a ticket for the expired plate and told appellant he had been investigating her, knew she was about to leave town, and the stop was likely his last opportunity to make a case against appellant. Appellant also argued that Rahman extended the stop without basis and questioned appellant without providing her with a *Miranda* warning, but identified no statements made by appellant that should be suppressed based on this new argument. Additionally, appellant filed a supplemental motion to suppress evidence, stating evidence seized from the vehicle as well as items seized from her storage unit should have been suppressed. Appellant argued that Officer Rahman failed to provide any *Miranda* warnings before questioning her regarding drugs in her vehicle or drugs in her storage unit, without identifying any statements made by appellant that resulted from a custodial interrogation, in violation of her rights.

{¶ 13} The state, in its brief, noted Rahman's testimony, demonstrating he detected the odor of burnt marijuana during his initial encounter with appellant. The state also argued that the evidence adduced at hearing did not demonstrate that Rahman placed appellant under arrest prior to any statements, but instead, Ragman engaged in conversation with appellant, demonstrating familiarity between the two, and appellant consented to a pat-down search before taking a seat in the cruiser. The state, otherwise,

6.

reiterated the argument in their opposition brief, noting the odor of marijuana provided a basis to search the vehicle, and in the alternative, the vehicle was subject to an inventory search under the Department's policy as part of towing and impound, making the discovery of contraband inevitable.

{¶ 14} On January 10, 2023, the trial court denied the motions to suppress in a written opinion. Based on the evidence introduced at the hearing, the trial court found that Rahman initiated the traffic stop because appellant's car lacked a visible license plate or temporary tag, with the dark tint of the windows preventing Rahman from seeing her temporary tag until he was standing next to the vehicle. The temporary tag was expired, which appellant acknowledged. The trial court further found that Rahman immediately noted the odor of burnt marijuana emanating from appellant's car, a smell recognized from his police training and experience, but he engaged appellant in conversation before informing her he could smell marijuana. Appellant admitted her children smoked marijuana in her car when they drove it, and it was a "strong-ass" smell. After placing appellant in the back of his cruiser, Rahman returned to speak to appellant's passenger. The passenger admitted to possessing a marijuana vape pen, which was visible on her seat when she exited the vehicle. Rahman searched the vehicle and seized cash and contraband from the car's center console.

{¶ 15} In denying the motion to suppress, the trial court found Officer Rahman lawfully stopped appellant's vehicle, which had no visible license plate or tag, Rahman detected the odor of marijuana from appellant's vehicle, and appellant's passenger

7.

admitted to possession of a marijuana vape pen, which Rahman viewed on the passenger seat, in plain sight, as the passenger exited the car. Based on these facts, the trial court found Rahman had reasonable suspicion of drug-related activity and probable cause to conduct a warrantless search of the vehicle.

{¶ 16} On February 8, 2023, appellant withdrew her prior plea of not guilty and entered a plea of no contest to Count 1, trafficking in fentanyl in violation of R.C. 2925.03(A)(2) and (C)(9)(e), a felony of the second degree, and Count 3, trafficking in cocaine in violation of R.C. 2925.03(A)(2) and (C)(4)(f), a felony of the first degree. As part of the plea, the state agreed to dismiss Counts 2 and 4 at the time of sentencing. The trial court found appellant guilty and continued the matter for sentencing.

{¶ 17} On March 22, 2023, the trial court held a sentencing hearing and imposed concurrent prison terms of 3 to 4-1/2 years as to Counts 1 and 3 each, and waived the mandatory fine and all costs, including the costs of prosecution. The trial court dismissed Counts 2 and 4, pursuant to the plea agreement.

{¶ 18} Appellant filed a timely appeal from this judgment.

### III. Assignment of Error

{¶ 19} Appellant raises a single assignment of error on appeal, as follows:

> The trial court abused its discretion and erred to the prejudice of appellant by denying her motion to suppress evidence.

{¶ 20} Appellant's argument regarding her motion to suppress is three-fold. Appellant argues Officer Rahman lacked any basis to initiate the traffic stop that resulted

8.

in the discovery of illicit drugs. Additionally, appellant argues the Rahman unlawfully extended the traffic stop. Finally, appellant argues Rahman failed to administer *Miranda* warnings for unidentified statements. We address each argument in turn.

## IV. Analysis

{¶ 21} Appellant challenges the trial court's decision, denying her motion to suppress evidence seized as a result of a traffic stop. Our review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. Because the trial court determines the facts in a suppression hearing by weighing the evidence and determining the credibility of witness testimony, we review these factual findings with deference to the trial court and must accept the findings of fact where they are supported by competent, credible evidence. *Id.,* citing *State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982). Application of the law to these facts, however, requires a de novo review, to determine whether the applicable legal standard is met without any deference given to the trial court's conclusion. *Id.*

{¶ 22} The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution provide protection from unreasonable search and seizure. A traffic stop is a seizure for purposes of the Fourth Amendment, and must be justified by a reasonable suspicion that the person stopped has committed a traffic violation. *State v. Mays,* 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 7, citing *Delaware v. Prouse,* 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979) (additional citations omitted.). In determining whether the officer has a reasonable

9.

articulable suspicion, we view the stop in "light of the totality of the surrounding circumstances." *Mays* at ¶ 7, quoting *State v. Freeman,* 64 Ohio St.2d 291, 414 N.E.2d 1044 (1980) at paragraph one of the syllabus.

{¶ 23} Appellant first challenges the basis for the traffic stop. The trial court determined that Officer Rahman stopped appellant for failing to properly display her temporary tag, a violation of R.C. 4503.21(A)(3) and (4), which provides:

> (3) No person to whom a temporary motor vehicle license registration has
> been issued for the use of a motor vehicle under section 4503.182 of the
> Revised Code, and no operator of that motor vehicle, shall fail to display
> the temporary motor vehicle license registration in plain view from the rear
> of the vehicle either in the rear window or on an external rear surface of the
> motor vehicle.
>
> (4) No person shall cover a temporary motor vehicle license registration by
> any material that obstructs its visibility.

{¶ 24} Appellant does not dispute the facts relative to the proper display of her temporary tag. Rather, appellant acknowledged to Rahman, at the time of the stop, that her tag was not visible from the road due to the dark window tint. In arguing that the trial court erred in denying her motion to suppress, appellant argues that Rahman's traffic stop of her vehicle was pretextual despite the acknowledged facts of a traffic violation. Appellant argues the stop was a ruse to accomplish a search of appellant's vehicle, and therefore invalid. In support, appellant notes Rahman's failure to issue a citation for the

10.

display of a temporary tag violation and Rahman's comments during the stop, demonstrating an interest in catching her in a drug-related offense.

{¶ 25} In determining whether a traffic stop is valid, courts focus on whether the officer initiating the stop had reasonable suspicion that a traffic offense occurred. *Dayton v. Erickson,* 76 Ohio St.3d 3, 10, 655 N.E.2d 1091(1996); *see also State v. Mays,* 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶23-25. Thus, police may initiate a stop even for minor traffic violations. *Erickson* at 11. Furthermore, these traffic stops are reasonable seizures for purposes of Fourth Amendment concerns, "even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." *Erickson* at the syllabus, citing *United States v. Ferguson,* 8 F.3d 385 (6th Cir.1993).

{¶ 26} In arguing error, appellant simultaneously acknowledges the traffic infraction observed by Rahman, and argues Rahman's true motivation should have rendered the stop invalid. The authority appellant relies on, however, contradicts this argument. Specifically, appellant notes the applicability of *Erickson,* permitting a traffic stop based on a traffic violation *even if* the officer has other motivations for investigating. *See Erickson* at the syllabus. Furthermore, "[t]he officer need not issue a traffic citation to render the stop valid." *State v. Konneh,* 6th Dist. Wood No. WD-17-007, 2018-Ohio-1239, ¶ 25, citing *State v. Fry*, 9th Dist. Summit No. 23211, 2007-Ohio-3240, ¶ 13–14. Therefore, applying the law to the acknowledged facts in this case, we find Officer

11.

Rahman had reasonable suspicion to initiate the traffic stop of appellant for a violation of R.C. 4503.21(A), and appellant's challenge to the initial stop is without merit.

{¶ 27} Appellant next argues Officer Rahman impermissibly extended the traffic stop. She argues Rahman had no interest in writing a ticket, but instead informed appellant of his suspicions of her drug activities and questioned appellant, only mentioning the odor of marijuana several minutes into the encounter. Appellant also argues Rahman failed to administer *Miranda* warnings prior to interrogating her, claiming a custodial interrogation without identifying any statements that should have been suppressed. In support, appellant relies on the authority of *Rodriguez v. United States,* 575 U.S. 348, 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015).

{¶ 28} Pursuant to *Rodriguez,* the authority for the seizure that occurs in a traffic stop "ends when tasks tied to the traffic infraction are – or reasonably should have been – completed." *Rodriguez* at 354. Any seizure beyond that time must be supported by "the reasonable suspicion ordinarily demanded to justify detaining an individual." *Id.* at 355. While appellant takes issue with the amount of time that passed before Officer Rahman asked her about drugs, the record demonstrates that Rahman "pretty much immediately" noted the odor of burnt marijuana coming from appellant's vehicle when he approached the driver's side window and spoke to appellant about the reason he stopped her, before he received a response to his call for a record check on the status of her registration. Therefore, the record demonstrates Rahman obtained additional information "pretty much immediately" to support extending the stop to perform a search of appellant's car. This

12.

provided the basis necessary under *Rodriguez. See, e.g., State v. Gonzales,* 6th Dist. Wood No. WD-07-060, 2009-Ohio-168, ¶ 6 (vehicle search proper where officer stopped a vehicle for a license plate violation and smelled "a strong odor of raw marijuana emanating from the passenger compartment upon approaching the vehicle.").

{¶ 29} The search of appellant's car was also properly supported by probable cause. "The smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search." *State v. Moore,* 90 Ohio St.3d 47, 734 N.E.2d 804 (2000), syllabus; *see also State v. Farris,* 109 Ohio St.3d 519, 2006-Ohio-3255, 849 N.E.2d 985, ¶ 12. In challenging the search, appellant does not argue the absence of any odor of marijuana. In fact, the record demonstrates appellant acknowledged the smell to Rahman during the stop, claiming her children had smoked in her car. Officer Rahman also observed a marijuana vape pen on the passenger seat, in plain view, prior to initiating his search.

{¶ 30} In addition to probable case, Officer Rahman had a basis to perform an inventory search of appellant's vehicle pursuant to his police department's established policy, an issue wholly omitted from appellant's argument. An inventory search of an automobile is an established exception to the warrant required, with the exception applying when the police have an existing policy, adopting a standardized procedure for inventory searches. *See State v. Toran,* Slip Opinion 2023-Ohio-3564, ¶ 2, citing *Illinois v. Lafayette,* 462 U.S. 640, 643, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983); *South Dakota v. Opperman,* 428 U.S. 364, 372, 96 S.Ct.3092, 49 L.Ed.2d 1000 (1976). "When law-

13.

enforcement officers comply with these procedures in good faith, a warrantless-inventory search is reasonable and lawful under the Fourth Amendment." *Toran* at ¶ 2, citing *Colorado v. Bertine,* 479 U.S. 367, 374, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987). The record in this case demonstrated Officer Rahman's intent to impound appellant's vehicle, the existence of a policy, and a search, pursuant to the policy. Therefore, while the trial court did not rely on the policy as providing an exception to the warrant requirement, the exception was demonstrated by the facts introduced into the record. Appellant's argument relative to the search, therefore, is without merit.

{¶ 31} Finally, appellant argues her statements should have been suppressed. The only statements she references within the record, however, are her denials to Officer Rahman that there were drugs in her car or on her person, or that she sold drugs. Appellant also provides no supporting argument or legal authority, relative to suppressing such statements. In the trial court, appellant failed to specify any statements, relying on a generalized argument for suppression based on unidentified, pre-*Miranda* warning "statements" that referenced evidence seized beyond the scope of the traffic stop, the issue specified within her original motion to suppress. The trial court summarily denied the motion without hearing and appellant asserts no error based on the lack of hearing on her supplemental motion.

{¶ 32} Pursuant to Crim.R. 47, a defendant seeking to suppress evidence must state "with particularity the legal and factual issues to be resolved" so the prosecutor and court have "notice of those issues to be heard and decided by the court[.]" *State v.*

14.

*Shindler,* 70 Ohio St.3d 54, 56-58, 638 N.E.2d 319 (1994). "Typically, '[a] trial court must hold a suppression hearing if the motion meets Crim.R. 47's minimum standards.'" *In re P.B.,* 6th Dist. Fulton No. F-19-001, 2019-Ohio-4502, ¶ 24, quoting *State v. Codeluppi,* 139 Ohio St.3d 165, 2014-Ohio-1574, 10 N.E.3d 691, ¶ 9. With no hearing, we have no record to consider regarding the denial of appellant's supplemental motion relative to any statements obtained by police. Appellant, however, may not identify the challenged statements for the first time on appeal; thus, we decline to address these statements on appeal. *See State v. Anderson,* 151 Ohio St.3d 212, 2017-Ohio-5656, 87 N.E.3d 1203, ¶ 44.

{¶ 33} Having carefully considered the record, we find support for the trial court's factual determinations and agree with the trial court's application of the law to these facts. We find no merit to appellant's argument relative to the initial stop and extension of the stop to search her vehicle, as that argument is contrary to well-settled law. We further find the issue regarding statements obtained without *Miranda* warnings is not properly before us on appeal. Accordingly, we find appellant's sole assignment of error not well-taken.

## V. Conclusion

{¶ 34} Having found substantial justice has been done, we affirm the judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.                                      _____
                                                                  JUDGE

Gene A. Zmuda, J.


Myron C. Duhart, J.                                _____
CONCUR.                                                      JUDGE


                                                                   _____
                                                                  JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.