[Cite as *State v. Clark*, 2024-Ohio-1869.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 22AP-774<br>(C.P.C. No. 20CR-4649) |
| Melvin B. Clark, Jr., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 14, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Michael A. Walsh*, for appellee. **Argued:** *Michael A. Walsh.*

**On brief:** *Colin Peters Law, LLC*, and *Colin E. Peters*, for appellant. **Argued:** *Colin E. Peters.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Melvin B. Clark, Jr., appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to a four-year period of community control supervision pursuant to a jury verdict finding him guilty of one count of improperly handling a firearm in a motor vehicle. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On July 20, 2020, two officers from the Columbus Police Department were dispatched to investigate a report of a disturbance on Squam Road in Franklin County, Ohio. The officers spoke with the woman who had called in the report; she stated that a man who was her daughter's boyfriend, or the father of her daughter's child, had been pounding on her door. She saw the man holding his hand under his shirt and feared he

might have a firearm. The woman told officers the man was in a white Kia vehicle with a Georgia license plate.

{¶ 3} While walking back to their cruiser after speaking with the woman, the officers noticed a vehicle matching the description they had been given. Clark was in the vehicle and appeared to be asleep. The officers approached the vehicle and one of them knocked on the window. Both officers testified they smelled burnt marijuana when Clark rolled the window down to speak with them. One of the officers asked Clark to exit the vehicle. Clark instead reached for his cell phone. The officer then used his hands to guide Clark out of the vehicle and conducted a pat-down search. The officer moved Clark to the area behind the vehicle and asked why Clark was there. After Clark explained that he was trying to visit his son, the officer asked if there was anything illegal in the vehicle. Clark responded there was nothing illegal in the vehicle and told the officers they could search it.

{¶ 4} One of the officers searched Clark's vehicle and found an open zippered bag under the driver's seat. The bag contained a loaded firearm. The officer secured the firearm and placed Clark under arrest.

{¶ 5} Clark was indicted on one count of improperly handling a firearm in a motor vehicle, a fourth-degree felony in violation of R.C. 2923.16, and one count of carrying a concealed weapon, a fourth-degree felony in violation of R.C. 2923.12. Throughout the proceedings, Clark acted pro se; the trial court appointed stand-by counsel to assist him. Clark filed numerous pretrial motions and other documents, including motions to dismiss and a motion to suppress the firearm found during the search of his vehicle. The trial court denied Clark's motion to suppress without conducting an evidentiary hearing on it and denied Clark's motions to dismiss.

{¶ 6} Immediately before trial, the state dismissed the charge of carrying a concealed weapon. Plaintiff-appellee, State of Ohio, presented testimony at trial from the two officers who arrested Clark and from a forensic scientist who testified to the operability of the firearm. At the close of trial, the jury found Clark guilty of improperly handling a firearm. The trial court conducted a sentencing hearing and sentenced Clark to a four-year term of community control supervision, with certain conditions.

## II. Assignments of Error

{¶ 7}    Clark appeals and assigns the following two assignments of error for our review:

> [I.] The trial court erred by denying Appellant's Motion to Suppress without an evidentiary hearing, in violation of the Ohio Rules of Criminal Procedure and his rights to Due Process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
>
> [II.] Appellant's conviction is in violation of his rights to keep and bear arms under the Second and Fourteenth Amendments to the United States Constitution and Article I, Section 4 of the Ohio Constitution.

## III. Analysis

### A. Denial of motion to suppress without an evidentiary hearing

{¶ 8}    In his first assignment of error, Clark asserts the trial court erred by denying his motion to suppress without conducting an evidentiary hearing.  Clark argues his motion to suppress set forth a sufficient factual and legal basis for suppression to warrant a hearing. The state argues Clark's motion to suppress did not state a sufficient legal or factual basis to require an evidentiary hearing and, in the alternative, there were no grounds for suppressing the firearm found during the search of Clark's vehicle.[1]

{¶ 9}    Crim.R. 47 provides that a motion "shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought."  A trial court must hold a suppression hearing if a motion to suppress meets the minimum standards of Crim.R. 47. *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, ¶ 9.  A motion to suppress need not "set forth the basis for suppression in excruciating detail."  *Id*. at ¶ 13.  "Instead, the question is whether the language used provides *sufficient notice* to the state."  (Emphasis added.)  *Id*.  The motion to suppress must give the state notice "of the specific legal and factual grounds upon which the validity of the search and seizure is challenged." *Xenia v.*

---

[1] The state also argues the trial court did not err by denying Clark's motion to suppress without an evidentiary hearing because the motion was filed out of time without leave of court. However, Crim.R. 12(D) permits extension of the time for making pretrial motions "in the interest of justice." *See Columbus v. Swanson*, 10th Dist. No. 18AP-524, 2020-Ohio-357, ¶ 28 (citing Crim.R. 12(D)).

*Wallace*, 37 Ohio St.3d 216, 219 (1988). Whether a motion to suppress meets the minimum standards of Crim.R. 47 is a question of law, which we review de novo. *Codeluppi* at ¶ 9.

{¶ 10} The Supreme Court of Ohio held that a motion to suppress satisfied the standards of Crim.R. 47 when it "stated with particularity the statutes, regulations and constitutional amendments [the defendant] alleged were violated, set forth some underlying factual basis to warrant a hearing, and gave the prosecutor and court sufficient notice of the basis of [the defendant's] challenge." *State v. Shindler*, 70 Ohio St.3d 54, 58 (1994). In *Codeluppi*, the court concluded a motion to suppress met the minimum standards of Crim.R. 47 because it alleged that a police officer had not conducted field sobriety tests in substantial compliance with federal guidelines as required by state law. *Codeluppi* at ¶ 13. *See also State v. Martin*, 151 Ohio St.3d 470, 2017-Ohio-7556, ¶ 77 (holding that motion to suppress met standards of Crim.R. 47 when it set forth the specific constitutional amendments the defendant alleged were violated and some underlying factual basis to warrant a hearing).

{¶ 11} Clark's pretrial motion to suppress, filed January 22, 2021, sought suppression of the firearm found in his vehicle. The motion asserted there was no warrant to search his vehicle and denied that he gave consent for the search. The motion further claimed the officers arrested and searched Clark and his vehicle immediately upon arriving on scene. The motion cited *Mapp v. Ohio*, 367 U.S. 643 (1961), as a basis for exclusion of evidence obtained from an unconstitutional search. In addition to his motion to suppress, several of Clark's pretrial filings that were submitted before the motion to suppress was denied touched on suppression issues. Clark submitted a "memorandum in support of motions" in which he asserted that evidence was seized as a result of a constitutional violation. Clark also cited *State v. Moore*, 90 Ohio St.3d 47 (2000), related to the odor of marijuana as a basis for a search and argued that no marijuana was found during the search of his vehicle. Other filings asserted Clark was asleep in his vehicle when police arrived and that he was restrained and searched without a warrant and asserted that the exclusionary rule applied to evidence seized through a search that violated the constitution. In its order denying Clark's motion to suppress, the trial court concluded Clark had not established any Fourth Amendment violation justifying the suppression of evidence. This demonstrates

the trial court was aware that Clark's suppression arguments were rooted in Fourth Amendment constitutional protections.

{¶ 12} As noted above, to satisfy Crim.R. 47, Clark was not required to file a motion to suppress "set[ting] forth the basis for suppression in excruciating detail." *Codeluppi* at ¶ 13. Instead, it was only necessary for Clark to put the state on notice of his specific legal and factual grounds for challenging the validity of the search and seizure. In this case, Clark's motion to suppress and supporting filings met this minimum standard by referring to constitutional protections against improper search and seizure, citing relevant case law, and suggesting pretext by noting that no marijuana ultimately was recovered from his vehicle. Therefore, we conclude the trial court erred by denying Clark's motion to suppress without conducting an evidentiary hearing.

{¶ 13} Notwithstanding our conclusion that Clark satisfied the minimum threshold to warrant a hearing on his motion to suppress, we further conclude that, under the circumstances of this case, Clark has failed to demonstrate prejudice resulting from the trial court's error. Both arresting officers testified at trial they could immediately smell the odor of burnt marijuana emanating from Clark's vehicle after he rolled down the window to speak to them. One of the officers also testified that Clark consented to a search of his vehicle after he had been removed from the vehicle. Video recordings from both officers' body cameras were introduced as evidence at trial. In the videos, one of the officers can be heard asking Clark if there was marijuana in the vehicle; Clark responded there was not. The officers guided Clark out of the vehicle after he was slow to comply with their commands to step out. The officers asked if there was anything illegal in the vehicle; Clark replied there was not. Clark then told the officers they could look in the vehicle.

{¶ 14} Consent signifying a waiver of constitutional rights is an exception to the search warrant requirement. *State v. Scarberry*, 10th Dist. No. 15AP-775, 2016-Ohio-7065, ¶ 18. When an individual is lawfully detained by police and consents to a search, the state must demonstrate by clear and convincing evidence that consent was freely and voluntarily given. *Id.* at ¶ 19. Important factors in the analysis of voluntariness of consent include the voluntariness of the defendant's custodial status, the presence of coercive police procedures, the extent and level of the defendant's cooperation with police, and the defendant's awareness of his right to refuse consent. *Id.* In this case, the officers' testimony

and body camera video indicates that at the time he gave consent to search his vehicle, Clark had been instructed to exit his vehicle and the officers had physically guided him out of the vehicle. However, Clark had not been handcuffed and was not otherwise restrained after being removed from the vehicle. Additionally, Clark did not merely consent when asked if the officers could search the vehicle; rather, he affirmatively told the officers "there's nothing in the car, you can look in it" when asked if there was anything illegal in the vehicle. (State's Ex. C.) These are Clarks own words. Therefore, even if a suppression hearing were held, it would not have been necessary for the trial court to make any credibility or weight determinations regarding the testimony of the arresting officers.

{¶ 15} Under the circumstances in this case, where Clark affirmatively consented to a search of his vehicle and the officers testified to perceiving the smell of burnt marijuana coming from the vehicle prior to the search, we conclude Clark has failed to establish that he was prejudiced by the trial court's denial of his motion to suppress the firearm found during the search of his vehicle without conducting an evidentiary hearing, despite the fact that Clark's motion to suppress satisfied the minimum requirements of Crim.R. 47.

{¶ 16} Accordingly, we overrule Clark's first assignment of error.

**B. Claim that conviction violates Clark's constitutional rights**

{¶ 17} Clark was convicted of violating R.C. 2923.16(B), which provides that "[n]o person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle." In his second assignment of error, Clark asserts his conviction violates the right to bear arms protected by the Second and Fourteenth Amendments to the United States Constitution and Article I, Section 4 of the Ohio Constitution. The state argues Clark waived this argument in the trial court by expressly disclaiming a constitutional claim. In the alternative, the state asserts R.C. 2923.16 does not violate the state or federal constitution on its face or as applied to Clark.

{¶ 18} Statutes are presumed to be constitutional. *State v. Mole*, 149 Ohio St.3d 215, 2016-Ohio-5124, ¶ 10, quoting R.C. 1.47(A) (" 'In enacting a statute, it is presumed that [c]ompliance with the constitutions of the state and of the United States is intended.' "). A party challenging a statute bears a heavy burden to overcome the presumption of constitutionality and must prove beyond a reasonable doubt that the statute is

unconstitutional. *Dayton v. State*, 151 Ohio St.3d 168, 2017-Ohio-6909, ¶ 12. " '[T]he question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court.' " *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, ¶ 7, quoting *State v. Awan*, 22 Ohio St.3d 120, 122 (1986).

{¶ 19} Several of Clark's pretrial filings referred to the constitutional right to bear arms and relevant case law, including motions to dismiss in which Clark asserted he had an immunity or privilege to bear arms. The trial court dismissed Clark's pretrial motions to dismiss, generally concluding Clark failed to present a legal basis for the relief sought in those motions.

{¶ 20} Prior to jury selection, the trial court addressed another written motion Clark filed after the denial of his earlier motions in which Clark demanded the case go to trial or be dismissed. Arguing in support of dismissal, Clark referred to a June 23, 2022 decision from the United States Supreme Court (apparently a reference to *N.Y. State Rifle & Pistol Assn. v. Bruen*, 597 U.S. 1 (2022)), which Clark asserted "decided * * * there can't be restrictions on firearms." (Tr. Vol. I at 22.) The state argued *Bruen* held that reasonable restrictions on firearm possession were permitted and asserted R.C. 2923.16 was constitutional under the *Bruen* standard.

{¶ 21} When the trial court asked Clark if he intended to introduce any affirmative defenses, Clark responded "[b]esides the Constitution, no." (Tr. Vol. I at 37.) After conferring with his standby counsel, Clark clarified he would assert necessity as an affirmative defense, based in a constitutional right under the state and federal constitutions to bear arms for safety and protection. The state then moved for a motion in limine prohibiting Clark from arguing to the jury that R.C. 2923.16(B) did "not apply[] to him or that the Constitution or some other law grants him some inalienable right to have a firearm despite what the Ohio law says." (Tr. Vol. I at 41.) In response, Clark asserted he was being misunderstood:

> *In no way am I suggesting that the Ohio law is unconstitutional.*
>
> What I'm suggesting is that the way the prosecution is using to apply the law to me is unconstitutional.
>
> * * *

So I'm expressing that it is expressed in law that I have a right to possess a gun. They're expressing that because of transporting it in a specific type of, way or whatever the case may be, that I am breaking the law. I'm suggesting to you where am I transporting — I mean, there's no transporting transportation. I was asleep in a car. There never was in motion, in transit, or anything for them to say that the — the gun was being transported.

Yes, I was in a car, but no, it wasn't a traffic stop. It wasn't a — they're not applying the law in the correct way, and I had a conversation about this as far as mens rea, that they have to prove — they have the — the — they have the things to say that I have — I have the elements of the crime. Like I have a gun, correct? But I wasn't using or that gun isn't — it isn't being used in the application that the state is trying to specify, which they're trying to say is I'm specifically transporting it from point A to point B. They can't prove that because in no way was I in transit or any way. No way was I in motion. No way was I moving. They didn't stop me in any type of way, and so that's what I'm specifying is that I'm not saying that the law is wrong and that they can't use it against me. I'm saying that the way that they're trying to use the law against me isn't — isn't correct.

(Emphasis added.) (Tr. Vol. I at 42-43.)

{¶ 22} The trial court then asked Clark if he was arguing that R.C. 2923.16 was unconstitutional. Clark responded "[m]y argument is that the way the prosecution is going about prosecuting me is unconstitutional," and that almost two years had passed between indictment and trial. (Tr. Vol. I at 44.) The trial court granted the state's motion in limine and ordered that Clark was not permitted to argue to the jury that he had the right or authority to possess or transport a firearm under federal law arising from the state or federal constitution, because of the risk of jury confusion.

{¶ 23} Clark then appeared to suggest that the exception contained in R.C. 2923.16(F)(5) would apply to him. That provision states, in relevant part, that the prohibition on transporting or possessing a loaded firearm in a motor vehicle contained in R.C. 2923.16(B) does not apply if the person has been issued a valid concealed handgun license and is not knowingly in a place described in R.C. 2923.126(B).[2] Clark offered a

---

[2] R.C. 2923.126(B) designates specific places where a valid concealed handgun license does not authorize the licensee to carry a concealed handgun.

convoluted argument suggesting that because the definition of the term "privilege" under R.C. 2901.01(A)(12) included a "license" and a "right," and because the state and federal constitutions recognized the right to bear arms, he therefore had a license to carry a handgun. Clark claimed that under this argument he was "keeping it on -- in the Ohio codes and laws" and that he was "not making it a federal argument." (Tr. Vol. I at 51.)

{¶ 24} Taking Clark's pretrial statements as a whole, we conclude he affirmatively disclaimed any facial or as-applied constitutional challenge to R.C. 2923.16. Although Clark's written filings and in-court statements touched on concepts of constitutionality, immediately before trial Clark directly asserted he was "[i]n no way * * * suggesting that the Ohio law is unconstitutional." (Tr. Vol. I at 42.) Clark then used language suggesting an as-applied constitutional challenge, stating that "the way that the prosecution is using to apply the law to me is unconstitutional." (Tr. Vol. I at 42.) However, in his follow-up argument in support of that assertion, Clark referred to the elements of the offense, arguing he was not transporting a gun because he was stationary and asleep in his vehicle when police arrived. That argument goes to the *sufficiency of the evidence* against Clark, not the constitutionality of the law as applied to him. Rather than attacking the constitutionality of the statute, Clark then attempted to argue that he fell within the license-holder exception under R.C. 2923.16(F)(5).

{¶ 25} Although we are mindful of Clark's status as a pro se defendant, we also take him at his word in selecting the arguments he sought to pursue before the trial court. In this case, Clark expressly disclaimed a constitutional challenge to the statute in the trial court, and his subsequent arguments were consistent with that disclaimer. Under these circumstances, because Clark waived any constitutional argument in the trial court, he may not raise it now on appeal. *See State v. Callahan*, 10th Dist. No. 22AP-221, 2022-Ohio-4103, ¶ 14, quoting *State v. Wintermeyer*, 158 Ohio St.3d 513, 2019-Ohio-5156, ¶ 10 (" 'A first principle of appellate jurisdiction is that a party ordinarily may not present an argument on appeal that it failed to raise below.' "). Therefore, we need not address Clark's arguments on appeal regarding the constitutionality of R.C. 2923.16.

{¶ 26} Accordingly, we overrule Clark's second assignment of error.

## IV. Conclusion

{¶ 27}  For the foregoing reasons, we overrule Clark's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS and EDELSTEIN, JJ., concur.

————————————