[Cite as *State v. Clark*, 2025-Ohio-4709.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
| --- | --- |
| STATE OF OHIO | C.A. No. 24AP0028 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JEANNE CLARK | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2023 CRC-I 527 |

DECISION AND JOURNAL ENTRY

Dated: October 14, 2025

FLAGG LANZINGER, Judge.

{¶1} Jeanne Clark appeals from the judgment of the Wayne County Court of Common Pleas that denied her motion to suppress. For the following reasons, this Court affirms.

I.

{¶2} This matter arises out of a drug surveillance operation conducted by the Wooster Police Department and the Medway Drug Enforcement Agency. According to Officer Berry with the Wooster Police Department, the police received information from multiple informants that Clark was selling methamphetamine and fentanyl. The police also received information that Clark kept the drugs on her person when she was "out and about."

{¶3} On September 5, 2023, the police conducted a controlled purchase of 14 grams of methamphetamine from Clark at a hotel in Wooster. The following day, the police continued surveilling Clark. The police observed Clark exit the hotel and enter a vehicle with her dog and another woman. Clark sat in the front-passenger seat, and the other woman sat in the driver's seat.

The police initiated a traffic stop of the vehicle for a marked-lanes violation. An officer asked the driver if he could search her vehicle, and the driver consented to the search.

{¶4} The driver, Clark, and Clark's dog exited the vehicle. Officer Berry asked Clark if he could search her purse, which Clark was wearing on her person. Clark became "very defensive" and refused to allow Officer Berry to search her purse. Officer Berry then instructed Clark to put her purse on the ground so that a police canine could sniff her purse, which Clark refused to do. Officer Berry warned Clark that she could be charged with obstruction if she did not put her purse on the ground. Clark again refused to put her purse on the ground. Officer Berry then handcuffed and arrested Clark for obstruction. Moments after her arrest, Clark told Officer Berry that she had fentanyl in her purse. Officers then searched Clark's purse and found "a large amount of Methamphetamine and Fentanyl . . . ."

{¶5} A grand jury indicted Clark on the following five charges: (1) trafficking in a fentanyl-related compound with a forfeiture specification; (2) possession of a fentanyl-related compound; (3) aggravated trafficking in drugs with a forfeiture specification; (4) aggravated possession of drugs; and (5) illegal use or possession of drug paraphernalia. Clark pleaded not guilty.

{¶6} With leave of court, Clark moved to suppress the evidence the police obtained during the search of her purse. Clark argued that the police lacked reasonable articulable suspicion of criminal activity to detain her, and that the police lacked probable cause to search her purse. The trial court held a suppression hearing wherein the State presented testimony from Officer Berry. Clark's counsel cross-examined Officer Berry, but did not present any witnesses on behalf of the defense. At the conclusion of the hearing, the trial court denied Clark's motion to suppress.

{¶7} Clark subsequently pleaded no contest to trafficking in a fentanyl-related compound and aggravated trafficking in drugs, along with the attendant specifications. The State dismissed the remaining charges. The trial court accepted Clark's plea, found her guilty, and sentenced her to a total of four to six years of imprisonment. Clark now appeals, raising two assignments of error for this Court's review.

ASSIGNMENT OF ERROR I

APPELLANT WAS NOT AFFORDED DUE PROCESS WHERE THE TRIAL COURT PREMATURELY CONCLUDED THE SUPPRESSION HEARING WITHOUT PROVIDING APPELLANT AN OPPORTUNITY TO BE HEARD.

{¶8} In her first assignment of error, Clark argues that the trial court deprived her of due process when it prematurely concluded the suppression hearing without providing her with an opportunity to be heard. For the following reasons, this Court overrules Clark's first assignment of error.

{¶9} "Due process under the Ohio and United States Constitutions demands that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner where the state seeks to infringe a protected liberty or property interest." *State v. Hochhausler*, 76 Ohio St.3d 455, 459 (1996). "[P]rocedural due process is a concept that cannot be precisely defined." *Bradley v. Niro*, 2015-Ohio-1921, ¶ 20 (9th Dist.). "[T]he concept of due process is flexible and varies depending on the importance attached to the interest and the particular circumstances under which the deprivation may occur." *Hochhausler* at 459.

{¶10} In the context of resolving a motion to suppress, the Supreme Court of the United States has held that "[t]he guarantees of due process call for a 'hearing appropriate to the nature of the case.'" *United States v. Raddatz*, 447 U.S. 667, 677 (1980), quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). The Court explained:

three factors should be considered in determining whether the flexible concepts of due process have been satisfied: (a) the private interests implicated; (b) the risk of an erroneous determination by reason of the process accorded and the probable value of added procedural safeguards; and (c) the public interest and administrative burdens, including costs that the additional procedures would involve.

*Raddatz* at 677. The Court also explained that "the interests at stake in a suppression hearing are of a lesser magnitude than those in the criminal trial itself." *Id.* at 667.

{¶11} Here, the State presented testimony from one witness: Officer Berry. Officer Berry testified as to his involvement in the controlled drug purchase on September 5, 2023, as well as his involvement in Clark's arrest and the search of her purse the following day. Defense counsel then cross-examined Officer Berry.

{¶12} After defense counsel concluded her cross-examination and indicated that she had "[n]othing further," the trial court asked Officer Berry the following questions:

| [Trial Court]: | Before you go any further, let me just, let me clarify some facts. The day before, you were conducting surveillance and you were able to observe drug trafficking going on? |
|---|---|
| [Officer Berry]: | We actually did a controlled purchase of her the day prior. |
| [Trial Court]: | Okay and you had that all recorded, you were aware of it - - |
| [Officer Berry]: | Yes. |
| [Trial Court]: | - - and you were involved in that surveillance? |
| [Officer Berry]: | I was involved in that, yes. |
| [Trial Court]: | And you knew it was her? |
| [Officer Berry]: | Yes, I watched the video footage live. |
| [Trial Court]: | So you could've arrested her this day for drug trafficking? |
| [Officer Berry]: | Technically, yes. |
| [Trial Court]: | Right? |

[Officer Berry]:       Technically, yes.

[Trial Court]:       You were aware of the felony that she had committed. You could arrest her without a warrant right then and there?

[Officer Berry]:       Yes.

{¶13} The trial court then asked defense counsel the following questions:

[Trial Court]:       Do we really need to have any more questions? They had probable cause to arrest her and then there's a search incident to arrest, whether she consents or not. I don't think we need to go any further on this motion to suppress. Anybody want to argue? I mean, feel free, I understand I'm just kind of slamming you down, but you can take the steps. Do you want to argue anything that's an incorrect interpretation?

[Defense Counsel]:       Your Honor, I'm aware of the circumstances. I think just for oral argument purposes, my primary issue is that they had the ability to request a warrant, they did not.

[Trial Court]:       Right, but you would also agree that she's being arrested without a warrant?

[Defense Counsel]:       Correct.

[Trial Court]:       This, her purse could've been searched - -

[Defense Counsel]:       Correct.

[Trial Court]:       - - without a warrant because it was incident to arrest?

[Defense Counsel]:       Correct.

{¶14} The trial court then denied Clark's motion to suppress. In doing so, the trial court found that the search of Clark's purse was a search incident to arrest, and that probable cause existed to arrest Clark based upon Officer Berry's observance of the drug trafficking incident the prior day. The trial court also found that the officers were permitted to ask Clark to put her purse down so that the dog could sniff her purse, the results of which could have provided probable cause to search her purse. The trial court then asked counsel if there was "anything further at this point?"

The State and defense counsel responded: "No, Your Honor." After denying Clark's motion to suppress, the trial court engaged in a discussion with defense counsel and Clark (spanning over five pages of the transcript) about reinstating Clark's bond.

{¶15} On appeal, Clark argues that the trial court interrupted her defense counsel's cross-examination of Officer Berry and prematurely ended the suppression hearing, which deprived her of a meaningful opportunity to be heard. Clark also argues that this resulted in the trial court ruling on her motion to suppress based upon "inferences and assumptions."

{¶16} Initially, this Court notes that the trial court did not interrupt defense counsel's cross-examination of Officer Berry. Instead, the trial court asked Officer Berry a series of questions after defense counsel indicated she had "nothing further[.]" Additionally, as the Ohio Supreme Court has explained, "[i]t is a well-established rule that 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" *State v. Quarterman*, 2014-Ohio-4034, ¶ 15, quoting *State v. Awan*, 22 Ohio St.3d 120, 122 (1986). At no point did defense counsel object to the trial court's purported failure to provide Clark with a meaningful opportunity to be heard at the suppression hearing. Instead, the record reflects that her counsel cross-examined Officer Berry, and then conceded that probable cause existed to search Clark's purse. When asked whether counsel had "anything further" after the trial court explained its reasoning for denying Clark's motion to suppress, defense counsel responded: "No, Your Honor."

{¶17} Moreover, the trial court did not end the hearing immediately after denying Clark's motion to suppress. As noted, the trial court then engaged in a discussion with defense counsel

and Clark about reinstating Clark's bond. Despite having the opportunity to raise an alleged deprivation of Clark's due process rights at that point, defense counsel still did not raise this issue.

{¶18} Put simply, the record reflects that Clark had the opportunity to object to the alleged error she raises on appeal, yet failed to do so. As a result, Clark forfeited all but plain error for purposes of appeal. *State v. Rogers*, 2015-Ohio-2459, ¶ 21-22, citing Crim.R. 52(B). Clark has not developed a plain error argument on appeal, and we will not develop one on her behalf. *State v. Marshall*, 2025-Ohio-2283, ¶ 33 (9th Dist.). Accordingly, Clark's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS ON THE BASIS THE SEARCH COULD HAVE BEEN CONDUCTED INCIDENT TO ARREST.

{¶19} In her second assignment of error, Clark argues that the trial court erred by denying her motion to suppress on the basis that the search was a search incident to arrest. Specifically, Clark argues that the record is "insufficient in establishing the lawfulness of an arrest" and "provides little detail as to the grounds for a search incident to arrest." Clark also argues that the record does not clarify where her purse was at the time of her arrest. For the following reasons, this Court overrules Clark's second assignment of error.

{¶20} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). "Accepting these

facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist. 1997). This Court, therefore, grants deference to the trial court's findings of fact but conducts a de novo review of whether the trial court applied the appropriate legal standard to those facts. *State v. Booth*, 2003-Ohio-829, ¶ 12 (9th Dist.).

{¶21} At the end of the suppression hearing, the trial court found that the search of Clark's purse was a search incident to arrest, and that probable cause existed to arrest Clark based upon Officer Berry's observance of the drug trafficking incident the prior day. The trial court also found that the officers were permitted to ask Clark to put her purse down so that the dog could sniff her purse, the results of which could have provided probable cause to search her purse.

{¶22} In its subsequent judgment entry denying Clark's motion to suppress, the trial court summarized the underlying facts, including Officer Berry's involvement in the controlled drug purchase, Clark's arrest the following day, and the search of Clark's purse. The trial court again found that "Officer Berry had probable cause to arrest [Clark] for drug trafficking from his surveillance of [Clark] on September 5, 2023, regardless of [Clark's] conduct on September 6, 2023. As a result of arresting [Clark], Officer Berry could search [Clark] and her purse incident to arrest." This Court will now turn to the law regarding the Fourth Amendment, as well as the search-incident-to-arrest exception to the warrant requirement.

{¶23} The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const., amend. IV. Article I, Section 14 of the Ohio Constitution, which has language almost identical to the Fourth Amendment, affords

Ohioans coextensive protections against unreasonable searches and seizures. *State v. Robinette*, 80 Ohio St.3d 234, 245 (1997). "It is well established that searches conducted without a warrant are per se unreasonable, subject to certain 'jealously and carefully drawn' exceptions." *State v. Smith*, 2009-Ohio-6426, ¶ 10, quoting *Jones v. United States*, 357 U.S. 493, 499 (1958).

{¶24} One of the exceptions to the warrant requirement is a search incident to a lawful arrest. *Smith* at ¶ 11. A search incident to arrest "allows officers to conduct a search that includes an arrestee's person and the area within the arrestee's immediate control[,]" which may include the arrestee's purse. *Id.* at ¶ 11, 13; *State v. Mathews*, 46 Ohio St.2d 72, 75 (1976) (holding that if the defendant's arrest was lawful, "then the search of the purse clutched under her arm, and under her immediate control, was not unreasonable."). "This exception 'derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations.'" *Smith* at ¶ 11, quoting *Arizona v. Gant*, 556 U.S. 332, 338 (2009).

{¶25} As noted, Clark first argues that the record is "insufficient in establishing the lawfulness of an arrest" and "provides little detail as to the grounds for a search incident to arrest." Clark's argument in this regard lacks merit. "[T]he Fourth Amendment permits warrantless arrests in public places where an officer has probable cause to believe that a felony has occurred." *State v. Jordan*, 2021-Ohio-3922, ¶ 26, quoting *Florida v. White*, 526 U.S. 559, 565 (1999). "Probable cause exists when there are facts and circumstances within the police officer's knowledge that are sufficient to warrant a reasonable belief that the suspect is committing or has committed an offense." *State v. Steele*, 2013-Ohio-2470, ¶ 26. "In addition, the Ohio Revised Code allows for warrantless arrests." *Griesmar v. Stow*, 2025-Ohio-1993, ¶ 32 (9th Dist.), citing R.C. 2935.03.

{¶26} Here, Officer Berry testified that the police began surveilling Clark because the police received information from multiple informants that Clark was selling methamphetamine

and fentanyl. Officer Berry testified that he observed the controlled purchase of methamphetamine from Clark on September 5, 2023, via a live video stream. Officer Berry explained that the purchase occurred in a hotel room, and that Clark took 14 grams of methamphetamine out of a larger bag of methamphetamine and sold it to an undercover officer. Despite Clark's argument to the contrary, Officer Berry's testimony established that he had probable cause to arrest Clark because he observed Clark commit a felony, that is, drug trafficking. *See* R.C. 2925.03(C); *Jordan* at ¶ 26.

{¶27} Second, Clark argues that the record does not clarify where her purse was at the time of her arrest. This Court rejects Clark's argument outright. Officer Berry specifically testified that Clark's purse was "[o]n her person" when he placed her under arrest. Officer Berry's bodycam video, which the State played at the suppression hearing, corroborated his testimony. Thus, Clark's argument in this regard lacks merit.

{¶28} In light of the foregoing, Clark has not established that the trial court erred when it denied her motion to suppress. Clark's second assignment of error is overruled.

III.

{¶29} Clark's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, J.
CONCURS.

CARR, J.
DISSENTING.

{¶30} I respectfully dissent as I would sustain Clark's first assignment of error on the basis that the trial court denied her due process rights.

{¶31} A review of the record reveals that, in support of her motion to suppress, Clark argued that the search of her purse was unlawful based on the events that unfolded during the traffic stop on September 6, 2023. Specifically, Clark argued that: (1) the officers detained her for a duration that was longer than necessary to effectuate the purpose of the stop; and (2) the officers lacked a lawful basis to conduct a search of her purse. The trial court set the matter for a hearing given that Clark had set forth the issues pertaining to the traffic stop with sufficient particularity. *See State v. Codeluppi*, 2014-Ohio-1574, ¶ 10; Crim.R. 47. At the hearing, the State held the burden of demonstrating that the search in this case complied with Fourth Amendment standards.

*See Maumee v. Weisner*, 87 Ohio St.3d 295, 297 (1999); *Athens v. Wolf*, 38 Ohio St.2d 237, 241 (1974).

{¶32} Under the circumstances here, I would reverse and remand the matter to the trial court for a new suppression hearing. Clark's central argument in her suppression motion was that the officers lacked a lawful basis to search her purse during the traffic stop on September 6, 2023. The State did not file a response to the motion. As the hearing unfolded, it became clear that the State's theory was not predicated on the notion that there was an independent basis to place Clark under arrest and conduct a search incident to arrest. Instead, the State elicited testimony regarding the controlled drug purchase in order to demonstrate that, under the totality of the circumstances, police had authority to require Clark to present her purse for the dog sniff and, when she refused, police had authority to place her under arrest for obstruction. The most basic component of due process is notice and a meaningful opportunity to be heard. *State v. Hochhausler*, 76 Ohio St.3d 455, 459 (1996). Here, the trial court introduced a new theory of the case at the end of the suppression hearing. I would hold that the trial court violated Clark's due process rights when it terminated the suppression hearing prior to providing Clark with a meaningful opportunity to prepare and present arguments regarding whether there was a lawful nexus between the controlled drug purchase and the search of her purse that occurred during the traffic stop the following day.

APPEARANCES:

JOSHUA A. NEWTON, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and TIMOTHY P. BOGNER, Assistant Prosecuting Attorney, for Appellee.